## 56364. F. & G. INSURANCE UNDERWRITERS, INC. et al. v. RAINES.

QUILLIAN, Presiding Judge.

1. This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978), granting the claimant compensation. *Held:*

The evidence authorized a finding that the claimant aggravated a previous condition and thereby sustained a new injury.

The claimant, subsequent to the accident, returned to work for approximately six days until his employment was terminated because of reasons unrelated to his injury. The fact that he was terminated for reasons unrelated to his injuries would not prevent claimant from being entitled to compensation. *Fleming v. U. S. Fidelity &c. Co.,* 137 Ga. App. 492 (224 SE2d 127).

The claimant's testimony together with the medical evidence was sufficient to support a finding that the claimant was totally disabled for a period of time and on July 14, 1977 became partially disabled in that he then was able to do light work.

The claimant's testimony that he would still be working if he had not been fired would not prevent a finding that he was disabled. While this was some evidence the claimant was able to work, there was also medical evidence as well as his own testimony that he was disabled. The fact that a claimant is willing to attempt to perform his regular duties if given an opportunity does

not prevent a finding that he is in part disabled.

The claimant testified that he had looked for work that he was able to perform in his present impaired physical condition, but had been unable to find any. Under these circumstances, while only partially disabled he would be entitled to draw compensation for total disability. *Employers Liability &c. v. Hollifield,* 93 Ga. App. 51 (90 SE 681).

2. Due to a conflict in the findings of fact this case must be remanded to the board. The findings of fact state in one place that "claimant became totally incapacitated to work on May 10, 1977, and claimant remains so incapacitated" and in another place the finding of fact states "The claimant's present condition would probably allow him to do light work." The evidence shows that the claimant was partially disabled and therefore that portion of the award which states that the claimant is "totally incapacitated to work" was not authorized. This is not to be construed to hold that the claimant is not entitled to draw compensation for total disability so long as he is unable to find work suitable to this limited capacity.

This case is reversed and remanded with direction that the superior court remand this case to the State Board of Workers' Compensation with direction that a new award be entered in conformity with that which is held in this opinion.

3. The appellee's motion for ten percent damages under Code § 6-1801 is denied.

*Judgment reversed with direction. Webb and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1978 — DECIDED OCTOBER 23, 1978.

*J. T. Fordham,* for appellants.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellee.