67964. GILMER v. ATLANTA HOUSING AUTHORITY et al.

BANKE, Judge.

The claimant in this workers' compensation case suffered on-the-job injuries to his lower back in February and September of 1981. After missing approximately 2-½ months of work, he returned to light duty in November of 1981. He continued to perform light work until February 12, 1982, when he was terminated for misconduct on the job. Based on a finding that the claimant had sought employment at several different places following his termination but had been unable to maintain a job because of his back condition, the administrative law judge concluded that he had shown a change in economic condition for the worse and awarded him benefits for total disability. The full board affirmed, but the award was reversed on appeal to superior court, based on that court's determination that the claimant was out of work not as a result of his back injury but because he

"voluntarily committed acts which he knew could result in his termination." The case is now before us following our grant of the claimant's application for discretionary appeal. *Held*:

It is well settled that where an employee returns to work following a disabling injury and is then discharged for a cause unrelated to the injury, he is entitled to receive benefits for loss of earning capacity if he is unable to find other employment because of his disability. See, e.g., *Beachamp v. Aetna Cas. &c. Co.*, 112 Ga. App. 417, 418 (145 SE2d 605) (1965); *F. & G. Ins. Underwriters v. Raines*, 147 Ga. App. 675 (250 SE2d 58) (1978); *Cornell-Young &c. v. Minter*, 168 Ga. App. 325, 330 (309 SE2d 159) (1983); *Ga. Power Co. v. Brown*, 169 Ga. App. 45 (311 SE2d 236) (1983). As there is evidence to support the board's finding that the claimant made a sincere effort to secure suitable employment following his termination but was unable to maintain a job due to his back condition, the trial court erred in reversing the award of benefits. See *Hartford Acc. &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978).

*Judgment reversed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 28, 1984 —
REHEARING DENIED MARCH 16, 1984.

*Thomas C. Holcomb*, for appellant.
*A. Cullen Hammond*, for appellees.