69068. AUGUSTA COCA-COLA BOTTLING COMPANY, et al.
v. CARTER.
(322 SE2d 365)

BANKE, Presiding Judge.

Following his termination from light-duty work assigned to him after a disabling, on-the-job injury, the claimant in this worker's compensation case was awarded continuing benefits for temporary partial disability pursuant to OCGA § 34-9-262. The superior court affirmed, and we granted an application by the employer and insurer for a discretionary appeal.

The injury occurred on September 9, 1980, during the course of the claimant's employment as a route salesman and deliveryman. The claimant returned to light-duty work on December 12, 1980, and continued to work at a series of light-duty tasks, until July 29, 1982, when he was discharged for certain alleged infractions of company policy. The administrative law judge concluded that the claimant had suffered a 10 percent permanent partial disability as the result of the accident but ruled that he was "not entitled to go back on temporary total because the firing was for cause and the employer was furnishing the job which the claimant lost because of his own misconduct." The judge further ruled, however, that if the claimant had been paid less

after his return to work than he had been making prior to his injury, he was entitled to recover benefits for temporary partial disability for that period pursuant to OCGA § 34-9-262.

Upon *de novo* review, the full board rejected the administrative law judge's finding that the claimant had been terminated for just cause and ruled as follows: "The claimant has sustained the burden of showing that his present disability and inability to work is due to being fired by his employer, and not due to any misconduct on his part. He is, therefore, entitled to renewed benefits [for temporary partial disability] according to OCGA § 34-9-262." The board affirmed the administrative law judge's finding that the claimant was entitled to receive temporary partial disability benefits for the period that he had engaged in light-duty work for the employer following the accident; however, no evidence was introduced at any stage of the proceedings to establish the amount, if any, of the reduction in average weekly wages experienced by the claimant during this period. *Held*:

"It is well settled that where an employee returns to work following a disabling injury and is then discharged for a cause unrelated to the injury, he is entitled to receive benefits for loss of earning capacity if he is unable to find other employment because of his disability. [Cits.]" *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326, 327 (316 SE2d 535) (1984). However, in the absence of evidence showing the amount, if any, of the difference in the claimant's average weekly wage either before and after the accident, or before and after his termination, it is obviously impossible to calculate the amount of such an award in the present case. Accord *Colbert v. Fireman's Fund Ins. Co.*, 112 Ga. App. 187 (144 SE2d 470) (1965); *Zurich Amer. Ins. Co. v. Drivas*, 143 Ga. App. 232 (237 SE2d 726) (1977); *St. Paul Fire &c. Ins. Co. v. Seay*, 123 Ga. App. 828 (3) (182 SE2d 705) (1971). The judgment of the superior court is accordingly reversed with direction that the case be remanded to the board for further action consistent with this opinion.

*Judgment reversed with direction. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 21, 1984.

*Nancy R. Foster*, for appellants.
*John D. Watkins*, for appellee.