69200. PIERCE v. AAA CABINET COMPANY.
(326 SE2d 575)

BENHAM, Judge.

The issue in this workers' compensation case concerns the evidence an employer must present to justify termination of benefits to an employee whose disability has ended. Approximately one and a half years after appellant was injured, appellee suspended benefits based on a report that appellant was medically able to return to work. Instead of returning to work, appellant requested a hearing on the employer's assertion of a change in condition. Based on medical evidence, the administrative law judge found that appellant was able to return to work with no restrictions and that the termination of benefits was proper because of a change in appellant's condition. That award was upheld by the State Board of Workers' Compensation; the board's award was affirmed by the superior court from which this appeal is taken.

Appellant bases this appeal on the fact that the employer did not present any evidence concerning the availability of work for appellant and that the ALJ made no finding on that issue. His argument is based on the holding in *Peterson/Puritan, Inc. v. Day*, 157 Ga. App. 827, 829 (278 SE2d 674) (1981), that such a showing is necessary to demonstrate a change in condition which will authorize a termination of benefits. "To terminate compensation because of a change in condition, the employer must show 'a change in the wage earning capacity, physical condition, or status of an employee' [cit.], and to do so the employer must show the ability to return to work and that suitable work is available . . . [I]t may be that the employer is not required to show a specific job offer, but it is clear that it is not enough to show the claimant is physically able to work." Id. See also *Commercial Union Ins. Co. v. Weeks*, 155 Ga. App. 20 (270 SE2d 259) (1980); *Hensel Phelps Constr. Co. v. Manigault*, 167 Ga. App. 599

(307 SE2d 79) (1983); *Cornell-Young (Macon &c. Co.) v. Minter*, 168 Ga. App. 325 (309 SE2d 159) (1983); *Ga. Power Co. v. Brown*, 169 Ga. App. 45 (311 SE2d 236) (1983).

Appellee counters appellant's argument with the contention that the cited cases must be considered in light of their facts: they deal with employees whose disability has lessened and who are, therefore, capable of doing *some* work, but not the work they were capable of doing before they were injured. Appellee concedes that it would be inequitable, under those circumstances, to attempt to suspend or reduce benefits without a showing that the employee's economic condition, as well as physical condition, was improved. However, appellee argues, when the evidence demonstrates that the employee's physical condition is so improved that no disability remains to prevent the employee from working without any restriction, the employee's continued unemployment is no longer caused by the disability and the need for workers' compensation benefits is at an end. We agree.

In *Williams Bros. Lumber Co. v. Magee*, 162 Ga. App. 865 (292 SE2d 477) (1982), the claimant was fully recovered from her job-related disability, but was unable to return to work because she had become disabled from injuries received in an automobile accident. A change in condition award was entered based on evidence that the claimant had fully recovered from her compensable disability. The superior court reversed because there was no finding that work was available to the claimant. This court reversed the superior court's judgment, holding that "the claimant was not denied any further compensation because she was able to return to work but because the disability she now has is not connected with her employment. Therefore, *Peterson/Puritan, Inc. v. Day*, [supra], and other cases which deal with the availability of work in a change in condition case are not applicable to the case at bar . . . Where the evidence authorizes, as it did in this case, a finding that the claimant has fully recovered from the injury received on the job and no longer suffers any disability therefrom, an award holding that there has been a change in condition is proper. [Cits.]" *Williams Bros. Lumber Co.*, supra at 866.

Although there is no evidence that appellant is disabled by another injury as was the claimant in *Williams Bros. Lumber Co.*, we are of the opinion that the same reasoning is applicable. Since appellant's continued unemployment is not due to his former disability, the employer has no further responsibility for appellant's economic condition. That being so, there was no necessity that appellee show that work is available to appellant. Having recovered from the injury he received in appellee's employ, appellant is in the same position as every other member of the general work force.

Having held that the employer had no burden of showing that work was available to claimant, we find no error in the superior

court's affirmance of the change in condition award.
*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 30, 1985 —
REHEARING DENIED FEBRUARY 13, 1985 —

*J. Lansing Kimmey III*, for appellant.
*Benjamin H. Terry*, for appellee.