### 69670. BRAKE SUPPLY COMPANY, INC. et al. v. BANKS.
#### (333 SE2d 129)

SOGNIER, Judge.

Brake Supply Company, Inc. and its insurer, Federated Mutual Insurance Company, appeal from the order of the Superior Court of Fulton County affirming the award of income disability benefits by the State Board of Workers' Compensation to Fred Banks, an employee of Brake Supply Company.

Appellee sustained a work-related injury to his hip in December 1980 and was not able to return to work until April 19, 1981. Appellee received compensation from appellants under the Workers' Compensation Act, OCGA § 34-9-1 et seq. for the income he lost while unable to work. Upon appellee's return to work, appellants filed a WC-2 form with the Board as notice that payment of income benefits was suspended on April 13, 1981. Appellants later filed a WC-4 form which provided that the date of final weekly payment was June 18, 1981. Appellee's work-related injury worsened gradually and on May 16, 1983, appellee requested a hearing on his claim based on a change of condition pursuant to OCGA § 34-9-104 (b). Appellants filed a motion to dismiss on the basis that appellee's claim was barred by the running of the two-year statute of limitation in OCGA § 34-9-104 (b). The ALJ denied the motion and entered an award for appellee which was affirmed by the Board and the Superior Court.

Appellants contend that appellee's May 16, 1983 application for change of condition benefits should have been dismissed as time barred under OCGA § 34-9-104 (b) because the application was not filed within two years of the date appellee's benefits were suspended, April 13, 1981. OCGA § 34-9-104 (b) provides that an application for a change of condition be made "not more than two years . . . since *the date of final payment of income benefits* due under this chapter." (Emphasis supplied.) The WC-4 form filed by appellants in compliance with the Rules and Regulations of the State Board of Workers' Compensation, which was included in the record by order of this court pursuant to OCGA § 5-6-48 (d), states that the date of final payment of weekly benefits made by appellants to appellee was June 18, 1981. Thus the record reveals that the OCGA § 34-9-104 (b) statute of limitation began to run on June 18, 1981, the date of final payment of weekly benefits to appellee, not on April 13, 1981, as contended by appellants. Appellee's application for change of condition

benefits, filed May 16, 1983, was therefore timely made under OCGA § 34-9-104 (b). Appellants' motion to dismiss appellee's application was properly denied and the Superior Court did not err by affirming the award of benefits to appellee.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 20, 1985 —
REHEARING DENIED JUNE 26, 1985 —

*James B. Hamilton*, for appellants.
*E. Neal Little*, for appellee.