70490. McDONALD et al. v. TOWNSEND.
(334 SE2d 723)

McMURRAY, Presiding Judge.

The issue presented by this workers' compensation case can be summarized as follows: Where a claimant reaches maximum improvement and is able to return to work *without restrictions*, must an employer demonstrate "availability of work" in order to prevail upon a change in condition claim?

Claimant Curtis G. Townsend was injured on April 18, 1983,

when he fractured the little finger of his right hand. The injury was compensable and claimant received temporary total disability benefits. Following surgery, claimant's physician determined that claimant reached maximum improvement as of September 19, 1983, and that he had a 7% permanent disability of his right hand. The physician also determined that, nevertheless, claimant was able to return to work without restrictions. Accordingly, claimant's temporary benefits were suspended. (All income benefits based on the claimant's permanent partial disability rating, however, were paid.)

Thereafter, the employer, Harold McDonald, initiated this proceeding to determine whether claimant underwent a change of condition for the better. At the hearing, claimant testified that following his release by his physician, he was unable to obtain employment although he sought a job from numerous employers, including Harold McDonald. No probative evidence was offered by claimant connecting his inability to obtain work with his prior injury. No evidence concerning "availability of work" was presented by the employer. The administrative law judge ruled that claimant underwent a change in condition "from temporary total disability to work to ability to work without restrictions" as of September 19, 1983. On appeal, the superior court reversed, holding that the employer failed to show "availability of work" and that, therefore, claimant was entitled to "receive back payments for all benefits . . . withheld." Thereupon, we granted the employer's application for a discretionary appeal. *Held*:

This case is controlled by the recent decision of *Pierce v. AAA Cabinet Co.*, 173 Ga. App. 463, 464 (326 SE2d 575). In *Pierce* claimant appealed from an order of the superior court which affirmed the finding of the administrative law judge that claimant underwent a change of condition for the better since he was able to return to work with no restrictions. In considering claimant's appeal, this court held: "Since appellant's continued unemployment is not due to his former disability, the employer has no further responsibility for appellant's economic condition. That being so, there was no necessity that appellee show that work is available to appellant. Having recovered from the injury he received in appellee's employ, appellant is in the same position as every other member of the general work force."

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 5, 1985.

*Robert R. Potter*, for appellants.
*James E. Greene*, for appellee.