### 70456. CLARKE v. SAMSON MANUFACTURING COMPANY et al.
(338 SE2d 738)

POPE, Judge.

On February 19, 1981 while in appellee Samson Manufacturing Company's employ, claimant-appellant Delores Clarke suffered an on-the-job injury to her lower back while she was moving a box of drapes. Appellee received notice of the injury and claimant was treated by the plant physician. She returned to work on February 23, 1981 performing her usual job of inspecting, folding and packing

drapes, then moving the boxes of drapes. On May 6, 1981 claimant entered the hospital to undergo various tests related to her lower back injury. She remained there for nine days and then returned home to recuperate. Claimant received weekly income benefits paid by appellee's insurer, Atlantic Mutual Insurance Company (also appellee herein), for the period from May 5, 1981 to the date of her return to work for appellee on July 21, 1981. On August 6, 1981 the insurer filed a Form WC-2 with the State Board of Workers' Compensation reporting the payment and suspension of benefits. On July 28, 1982 the insurer filed a Form WC-4 indicating that it was a final report on the progress of claimant's case and showing the total amounts of income benefits and medical expenses which had been paid to that date.

After her return to work and until she left appellee's employ because of her back pain on May 28, 1983, claimant had been seen by various physicians and a chiropractor. The insurer continued to provide payment of claimant's medical expenses incurred due to her back injury. The last such medical bill was paid by the insurer in April 1983. On November 2, 1983 claimant filed with the board a Form 14 "Claim for Injury at Work or Request for a Hearing" for the on-the-job injury suffered February 19, 1981. The Administrative Law Judge ("ALJ") found, in pertinent part, that claimant had been medically treated for her February 19, 1981 injury with the cost paid by the employer/insurer within one year of November 2, 1983. The ALJ concluded that OCGA § 34-9-82 applies to this case, rather than OCGA § 34-9-104 (b). The remedial treatment of claimant was furnished by employer/insurer within a year before her claim was filed. Thus, the one-year statute of limitation in OCGA § 34-9-82 had not run and claimant was awarded benefits. The board reversed the ALJ, finding instead that the applicable statute is OCGA § 34-9-104 (b) which governs a change in condition. Since claimant last received a weekly income benefits check on July 23, 1981, the two-year statute of limitation of OCGA § 34-9-104 (b) had run before her claim was filed on November 2, 1983. The claim was denied. The board's award was affirmed by the superior court. Claimant's application for discretionary appeal was granted.

1. The sole issue raised by this appeal is whether the November 2, 1983 claim is an initial claim for compensation so as to be governed by OCGA § 34-9-82 (a) or whether it is a claim for a change in condition under OCGA § 34-9-104 (b). Claimant contends that because the income benefits she received for the period of her disability, as well as her medical expenses, were paid without her actual filing of a claim and without an "award" of the board, the November 2, 1983 claim was her initial one for the February 19, 1981 injury. Thus, since her November 2, 1983 claim for compensation was filed within one year of

the last remedial treatment furnished by the employer in April 1983, she is not barred by the statute of limitation set forth in OCGA § 34-9-82 (a), the statute applicable to initial claims for compensation. For the following reasons, we disagree with claimant's contention that hers is an initial claim for compensation and that OCGA § 34-9-82 (a) applies.

"In 1978, Georgia adopted the direct payment system. Previously, voluntary payments were made in accordance with Form 16 or Form 19 agreements executed by the claimant as well as the employer or insurance carrier. Such agreements attained res judicata status after 30 days from their approval by the board . . . Effective July 1, 1978, the method of payment was changed by the legislature from the agreements system to the direct payment system. Documentation of payments is still made on board designated forms, but such forms are no longer subject to board approval, nor do they have res judicata effect." Hiers & Potter, Ga. Workers' Compensation — Law & Practice, § 20-1, p. 205 (1981). OCGA § 34-9-104 (a) defines the term "change in condition" to mean "a change in the wage-earning capacity, physical condition, or status of an employee . . . which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award *or otherwise*." (Emphasis supplied.) Prior to 1978, "the 'change of condition' provision was limited to those cases where there had been an award of workers' compensation or [b]oard-approved settlement. By the 1978 amendment, the statute was changed to encompass 'change of condition' where the original physical condition was established 'by award or otherwise.' Ga. L. 1978, pp. 2220, 2233." *St. Paul Fire &c. Ins. Co. v. Norman*, 173 Ga. App. 198, 200 (325 SE2d 810) (1984). We believe that the term "otherwise" encompasses payments of *income benefits* made pursuant to the Workers' Compensation Act and reported to the board on board-designated forms such as those made to claimant for the period from May 6, 1981 to July 21, 1981. We find no basis for reading into the statute any requirement that the payment of income benefits under an "award or otherwise" be the product of adversarial proceedings. We note that our holding is limited to the payment of income benefits made under the Workers' Compensation Act according to the bases and computation provided therein and in compliance with the rules of the board. We do not view the payment of medical expenses alone as constituting an "award or otherwise." See *St. Paul Fire &c. Co. v. Norman*, supra at 201. This view is further supported by the statute of limitation for change in condition established in OCGA § 34-9-104 (b); that is, the application for change in condition must be made within two years of the date of final payment of *income benefits*.

2. We find no merit to claimant's argument that appellees em-

ployer and insurer are now estopped to raise the statute of limitation of OCGA § 34-9-104 (b) to bar her claim. Compare *Brown Transport Corp. v. James*, 243 Ga. 701 (257 SE2d 242) (1979).

3. Claimant argues that if her November 2, 1983 claim is not found to be an initial claim for compensation, then it should be considered to be a claim for compensation due to a new accident. We disagree with this contention because we do not find the elements of a new accident claim to be presented in this case. As is apparent from Division 1, supra, the November 2, 1983 claim is not an initial claim for compensation. While claimant was away from work due to the February 19, 1981 injury, for twelve weeks the insurer paid claimant weekly income benefits pursuant to the Workers' Compensation Act and in compliance with board procedures for reporting such payments.[1] See OCGA § 34-9-221. Additionally, there is no assertion by claimant that a subsequent specific job-related incident occurred to aggravate her pre-existing and theretofore uncompensated condition. See *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 391 (288 SE2d 654) (1982). Rather, we find on these facts that claimant's November 2, 1983 claim is properly denominated and treated as a claim for a change in condition under the analysis presented in the benchmark opinion in *Central State Hosp. v. James*, 147 Ga. App. 308 (1c) (248 SE2d 678) (1978). Accord *Slattery Assoc. v. Hufstetler*, supra at 391. Compare *Dairymen, Inc. v. Wood*, 162 Ga. App. 430 (2) (291 SE2d 763) (1982).

Having found claimant's November 2, 1983 claim to be one for a change in condition, we must hold that this claim for additional compensation in the form of income benefits is barred by the two-year statute of limitation of OCGA § 34-9-104 (b). There is no dispute that the date of final payment of income benefits due her under the Workers' Compensation Act was July 23, 1981. Her claim for recommencement of income benefits was filed after the two-year period had elapsed and is, therefore, barred. Compare *Brake Supply Co. v. Banks*, 175 Ga. App. 242 (333 SE2d 129) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

---

[1] We are aware that the WC-4 form filed July 28, 1982 was not timely filed as it should have been filed within 30 days after final payment of compensation. OCGA § 34-9-221 (g). While before July 1, 1978 this would have extended the time for filing for a change in condition, this has no such effect on this post-1978 action as the statute of limitation now begins to run at the date of final payment of income benefits. OCGA § 34-9-104 (b). Further, the failure of appellee insurer to timely file the WC-4 form does not effectuate an estoppel or cause a shift in the burden of proof. See *Cornell-Young (Macon &c. Co.) v. Minter*, 168 Ga. App. 325 (1) (309 SE2d 159) (1983).

DECIDED DECEMBER 3, 1985.

R. *Hubert Reeves III*, for appellant.
*Robert B. Hill, Neil S. Morrisroe*, for appellees.