70965. KING v. PIEDMONT-WARNER DEVELOPMENT et al.
(338 SE2d 758)

DEEN, Presiding Judge.

The evidence is undisputed that Andy L. King had an accident arising out of and in the course of his employment on August 26, 1983, when he fractured his right ankle. He was treated by a physician and returned to work on December 5, 1983, the physician having found he had a 10% permanent partial disability. It is further undisputed that appellant's work as a carpenter involved lifting heavy ob-

jects, and that he experienced pain and was unable to lift preconstructed wooden trusses, beams, or other heavy objects such as fireplace inserts.

On December 26, 1983, approximately three weeks after returning to work, appellant, along with several others, was laid off. In April of 1984 he consulted another insurer-approved physician, who found that he was still in pain on extremes of motion for flexion and extension, and that x-rays showed that he had a healing fracture of the right lateral malleolus, with the fracture line still present. Appellant testified that he had applied to various employers, but his inquiries never reached the stage of discussing his disability because no work was available. He did testify that he was still actively seeking work and had helped his brother build a house for about three days, but that his leg would swell up and hurt and he would have to stay off it.

The Administrative Law Judge issued an award of compensation in favor of King, finding that he had undergone a change of condition on December 23, 1983, and was able to do light work and perform basic carpentry duties, but was limited in lifting and carrying heavy items due to pain. The ALJ found further that appellant's job required him to lift and carry heavy items; that he was also required to stand for long periods of time; and that as a result, work became unavailable to him on December 26, 1983. Upon *de novo* review, the full board affirmed the award and adopted the findings of the Administrative Law Judge. The superior court reversed, holding that there was no evidence to support the finding of the State Board of Workers' Compensation, because eighteen to twenty other employees were laid off at the same time as appellant. *Held:*

We disagree with the findings and holding of the court below and reverse. The undisputed evidence shows that appellant underwent a change of condition after he returned to work. While economic conditions might have been such that job opportunities in his field were scarce, the medical evidence and appellant's corroborating testimony indicate that, because of his disability, he would have been unable to obtain other employment even if it were available. *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326 (316 SE2d 535) (1984). Indeed, his former employer testified that "if a physician was to tell Andy that he could not lift heavy loads, and carry them — in other words, if he could not assist other people on the job to do that, if the only thing he could do was to nail nails . . . ," he would not hire him.

*Judgment reversed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Sognier, Pope and Benham, JJ., concur. Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent.

OCGA § 34-9-104 (a) defines the term "change in condition" as a "change in the wage-earning capacity, physical condition, or status of an employee . . . , which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise." In this case, the claimant is seeking the resumption of disability income benefits based on a change in his wage-earning capacity. He is receiving 10% permanent partial disability and has not attempted to change that.

After a period of disability, Mr. King returned to work at his same job as a carpenter for the same employer but was unable to carry some of the heavy items used in his work. He continued on, without any pay reduction, until he and 18 or 20 others were laid off on December 26. His curtailed activity was unrelated to his termination. He was unable to secure work because of lack of employment opportunities in the area, so the question of the effect of his disability on his employability as a carpenter at the same rate he had been earning from his previous employer never was reached in his job-seeking.

In order to establish entitlement to the disability benefits sought, "[h]e was required by Code Ann. § 114-709 [now OCGA § 34-9-104], as amended in 1968, to show that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury." *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287, 288 (248 SE2d 661) (1978). Although the law has again been amended since 1968, the burden of proof is still upon the claimant in this regard, to make a showing. *Ga. Power Co. v. Brown*, 169 Ga. App. 45, 48 (311 SE2d 236) (1983). "[T]he crucial issue was whether the employee's inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury . . . he is entitled to benefits *if* because of his disability he is unable to find employment." (Emphasis supplied.) *Cornell-Young (Macon &c. Co.) v. Minter*, 168 Ga. App. 325, 330 (2) (309 SE2d 159) (1983); *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326 (316 SE2d 535) (1984); *Augusta Coca-Cola Bottling Co. v. Carter*, 172 Ga. App. 195, 196 (322 SE2d 365) (1984).

Unlike *Gilmer*, supra, there is no evidence that claimant "was unable to maintain a job due to his . . . condition . . ." Id. at 327. The "if" contained in the previous quotation was not satisfied by any competent evidence. The statement of the former employer recited by the majority is based on a hypothetical situation which is not supported by facts in the record. For one thing, there is no evidence that "the only thing he could do was to nail nails." For another thing, that

same employer had kept him on the payroll working until the job was completed and no more work remained to be done. The ALJ found that claimant "was able to do light work, that he was able to perform the basic carpentry duties, . . ." She also found that "he was able to do most of the duties of his job as a carpenter, with the exception that he was not able to lift and carry heavy items. He was not absent any of the work days."

I do not perceive a factual basis for the award and would affirm the trial court.

I am authorized to state that Judge Carley joins in this dissent.

DECIDED DECEMBER 4, 1985.

*Lovick P. Anthony, Jr.*, for appellant.
*Elton L. Wall, George Skene*, for appellees.