### 70968. UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY v. GILES.
#### (340 SE2d 284)

POPE, Judge.

We granted a discretionary appeal in this workers' compensation case to consider appellant United States Fidelity and Guaranty Insurance Company's (USF&G) argument that, in effect, it is being forced to pay unemployment compensation in the guise of temporary total disability benefits under the Workers' Compensation Act. The facts may be summarized shortly. Appellee-claimant Thomas P. Giles was employed as a claims adjuster by USF&G on October 30, 1979, when he was injured in an automobile accident while on the job. He did not lose the requisite number of days from work to be eligible for receipt of income benefits. He did receive, however, payment for medical expenses. In October 1980 claimant Giles resigned his position with USF&G and went to work as a claims adjuster with CNA. Although his duties at CNA were similar to those he had at USF&G, Giles did have more flexibility in performing his job and did not have to drive as much. As a result of the October 1979 accident, by order of the full board, Giles received a permanent physical impairment rating of 20% to the body as a whole. See OCGA § 34-9-263 (c) (14). This award is not involved in this appeal. On July 29, 1983 Giles lost his job with CNA as a result of a reduction in force by the company. Giles then filed a claim for income benefits based upon the October 1979 accident. The administrative law judge (ALJ) found that Giles had proved a change in condition from permanent partial disability to total disability under OCGA § 34-9-261 and awarded benefits commencing July 29, 1983. On appeal, both the full board and the superior court affirmed. *Held:*

We affirm. Appellant USF&G argues that the record shows that Giles cannot get work solely because of economic conditions, and not due to his work-related injury. However, this could be true only if the fact finder (in this case, the ALJ and the full board) restricted its findings to one job held by Giles, that of claims adjuster. After the injury, Giles worked for CNA as a claims adjuster, with duties similar to those he had at USF&G. However, as noted above, at CNA Giles had more flexibility in pacing himself in his job, and he had to do less

driving. The record shows that since his termination with CNA, Giles searched for another job as a claims adjuster, but to no avail. USF&G argues that the record shows that Giles' inability to find work as a claims adjuster was not related to his compensable injury, and therefore no change of condition can be found.

USF&G cites as controlling the case of *McDonald v. Townsend*, 175 Ga. App. 811 (334 SE2d 723) (1985). In that case, claimant sustained a compensable injury for which he received temporary total disability benefits. After surgery claimant was found to have a 7% permanent partial disability to his right hand, but that maximum improvement had occurred, and that claimant could return to work with no restrictions. All income benefits based on claimant's permanent partial disability rating were paid. Temporary benefits were suspended, and at the hearing to determine whether a change in condition had occurred, the ALJ found that though claimant was unable to find work, no probative evidence was offered by claimant that his inability to find work was connected to his compensable injury. Thus, the ALJ found that claimant had undergone a change of condition from temporary total disability to work, to ability to work without restrictions. This court affirmed the findings of the ALJ and noted that since claimant's continued unemployment was not due to his former disability, the employer had no further responsibility for his economic condition; that having recovered from the injury he received while working for the employer, the claimant was in the same position as every other member of the general work force.

While we agree with USF&G that *McDonald*, supra, controls this case, we do not agree that it dictates the result sought by USF&G. This is so because there is probative evidence in the record that while Giles' inability to find work as a claims adjuster may not be related to his injury, his inability to find *other* work for which he is suited *is* related to his injury. The record shows that Giles has experience in construction work and a professional degree and license to teach, with considerable experience as a high school athletic coach. The record further shows that Giles sought work in those fields, and could have obtained employment but for the disability incurred as a result of his work-related injury. Therefore, unlike the claimant in *McDonald*, Giles has adduced probative evidence connecting his inability to work with his prior injury. It is not the ability to perform the particular job in which one was engaged at the time of injury which is the determining factor in a case such as this, but rather whether the claimant's inability to find *any* work for which he is suited by training and experience is a result of the injury suffered. Accordingly, we affirm. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 6, 1986.

*Thomas F. Allgood, Jr., Franklin H. Davidson*, for appellant.
*Don L. Hartman*, for appellee.