71913. ITT-THOMPSON INDUSTRIES, INC. et al. v. WHEELER.
(345 SE2d 614)

McMURRAY, Presiding Judge.

Workers' compensation. On September 6, 1979, claimant suffered a back injury which arose in the course of his employment. The claim

was accepted as compensable by the employer and insurer. Accordingly, claimant was paid disability income benefits until July 22, 1980, when he returned to work. The payment and suspension of these income benefits is reflected in a Form WC-2 which was filed with the State Board of Workers' Compensation ("board") on August 4, 1980. Thereafter, permanent partial disability benefits were paid to claimant beginning September 11, 1980. These payments were made pursuant to a Form WC-2 filed on October 16, 1980, for 70 weeks. A Form WC-2, filed on December 7, 1981, shows that permanent partial disability benefits were suspended at that time because the total amount due had been paid.

In the meantime, claimant was "laid-off" by the employer in January 1981 on account of a lack of work. Claimant returned to work for a few days in April 1981. Then claimant ceased working for the employer, advising that he "quit for another job."

Claimant continued to have pain as a result of his September 6, 1979 injury. He received medical treatment during 1981, 1982, and 1983 and the employer and insurer paid the claimant's medical bills during this period of time. In February 1984 claimant's physician operated upon him. The employer and insurer declined to pay for this surgery. Thereupon, on May 8, 1984, claimant filed a request for a hearing to determine a change in condition. After the originally scheduled hearing was continued, claimant filed another claim for compensation on August 8, 1984. The latter claim was designated as an "all issues" case stemming from the September 6, 1979 injury and/or an alleged new injury which occurred in January 1981. The employer and insurer defended the claims on the ground that they were barred by the statute of limitation applicable to change in condition cases. See OCGA § 34-9-104. Claimant argued, on the other hand, that the "all issues" limitation period applied, see OCGA § 34-9-82, and that, therefore, the claims were not time barred.

Following a hearing, the administrative law judge ("ALJ") determined that the employer and insurer accepted claimant's claim and paid benefits to him as a result of his September 6, 1979 injury; that claimant's claims were for a change in condition rather than a new injury; that, in any event, claimant did not suffer a new injury after September 6, 1979; and that claimant's claims were barred by the limitation period set forth in OCGA § 34-9-104 because they were not filed within two years of the payment of income benefits. In so ruling, the ALJ denied claimant's claims for a resumption of income benefits. (The ALJ made it clear, however, that the employer and insurer were liable for the continued costs of claimant's medical treatment.) The full board adopted the decision of the ALJ and claimant appealed to the superior court.

The superior court reversed the award of the full board and it

remanded the case for a consideration of the merits of claimant's "all issues" claim. The court reasoned that claimant "may have suffered a 'new accident' " in January 1981 and that, therefore, the "all issues" claim was not time barred (by OCGA § 34-9-82) since it was filed within one year after the date of the last remedial treatment furnished by the employer and insurer. The employer and insurer applied for a discretionary appeal to review the ruling of the superior court. We granted the application and this appeal followed. *Held*:

1. The motion to dismiss the appeal is without merit. See OCGA § 5-6-48 (f). See generally *Byers v. Lieberman*, 126 Ga. App. 582, 584 (191 SE2d 470).

2. The applicable statute of limitation in the case sub judice is found in OCGA § 34-9-104. Why? Because claimant was paid income benefits pursuant to the Workers' Compensation Act and the payments were reported on board-designated forms. Thus, claimant's wage earning capacity or physical condition was established "by award or otherwise." OCGA § 34-9-104; *Clarke v. Samson Mfg. Co.*, 177 Ga. App. 149, 150 (1) (338 SE2d 738). It cannot be said that claimant filed an initial claim for compensation so as to be governed by OCGA § 34-9-82. Claimant sought *additional* benefits on account of a change in condition. *Clarke v. Samson Mfg. Co.*, 177 Ga. App. 149, supra. Compare *Dairymen, Inc. v. Wood*, 162 Ga. App. 430 (291 SE2d 763).

3. In concluding that claimant "may have" suffered a new accident, the superior court relied upon *St. Paul Fire &c. Ins. Co. v. Norman*, 173 Ga. App. 198 (325 SE2d 810). In *Norman*, the board concluded that the case concerned a change in condition and not a new accident. Nevertheless, the superior court determined that claimant did suffer a new accident and this court affirmed. In affirming the judgment of the superior court we pointed out that there could be no "actionable 'change in condition' " in that case since income benefits had not been paid to the employee. Thus, unlike the case sub judice, the wage-earning capacity or physical condition of the employee had not been established previously.

4. As noted above, claimant's claims are governed by the statute of limitation set forth in OCGA § 34-9-104. That section requires the filing of an application to be made within two years of the date of final payment of income benefits. Because claimant's applications were not so filed, they are barred.

5. In a bootstrap argument, claimant asserts his claims should not be time barred because his permanent partial disability benefits were paid prematurely. In this regard, claimant argues that the employer and insurer began paying these benefits based upon an "estimated" percentage of permanent partial disability. Continuing the argument, claimant contends the employer and insurer should have delayed the

payment of these benefits until the disability rating was more firm. We disagree. The employer and insurer properly commenced the payment of permanent partial disability benefits upon being notified by claimant's physician of the extent of disability. The mere fact that the physician's rating was an "estimate" was immaterial. If the physician were to have subsequently revised the rating, the disability benefits could have been adjusted accordingly.

*Judgment reversed. Carley and Pope, JJ., concur.*

### ON MOTION FOR REHEARING.

Relying upon *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154, 159 (3) (338 SE2d 742), claimant contends his change of condition claim is not time barred because he has not been paid all income benefits "due" under the Workers' Compensation Act. In this regard, claimant asserts he was entitled to receive additional income benefits during the time in which he was "laid off" by the employer. We disagree. The evidence demonstrates that claimant's unemployment during the period of time in question was due to economic conditions, not claimant's disability. Accordingly, it cannot be said that claimant was "due" additional income benefits. See *Scandrett v. Talmadge Farms*, 174 Ga. App. 547, 548 (1) (330 SE2d 772); *McDonald v. Townsend*, 175 Ga. App. 811 (334 SE2d 723). Compare *U. S. Fidelity &c. Ins. Co. v. Giles*, 177 Ga. App. 684 (340 SE2d 284).

*Motion for rehearing denied.*

DECIDED APRIL 17, 1986 —
REHEARING DENIED MAY 14, 1986 —

*Richard C. Kissiah*, for appellants.
*Roy B. Allen*, for appellee.