A90A0902. EASTERN AIRLINES, INC. et al. v. MOSS et al.
(397 SE2d 445)

BEASLEY, Judge.

Travelers Insurance Company sought and was granted review of the superior court's order reversing in part the award of the Workers' Compensation Board.

The primary adversaries are Travelers and Georgia Adjustment Bureau, the two insurers. Travelers seeks a determination that the reversal was error, as being contrary to law and conflicting with the any-evidence standard of review.

Moss, the employee, was injured on February 17, 1986, while working at Eastern as an A Agent. At this time Travelers carried the Workers' Compensation coverage. Moss's injury was bilateral "carpal tunnel syndrome" involving both wrists. After a short recuperative period, she returned to work as a B Agent with less demanding duties which did not involve typing and stamping and thus less wrist movement.

She continued work apparently without difficulty until December 16, 1987, when she experienced a heavy work day, requiring excessive use of her arms and hands, and was further instructed to perform additional duties as an A Agent. After her shift ended she experienced pain and swelling in her hands. Moss reported the incident and obtained medical treatment but then was terminated by Eastern on December 22. Georgia Adjustment Bureau had coverage at that time. Since then Moss has repeatedly and unsuccessfully sought work.

After a hearing on September 14, 1988, the ALJ and Board found that on December 16, 1987, Moss aggravated her chronic carpal tunnel syndrome which resulted in a new injury as of December 22, when she was terminated. Eastern and Georgia Adjustment were directed to pay compensation benefits from that date, as well as medical bills from December 16.

On appeal, reversing the Board in part, the superior court found that on September 14, 1988, Moss had recovered from any aggravation or exacerbation of her pre-existing condition from the injury of December 16, 1987. It ruled that Georgia Adjustment should pay benefits from December 22, 1987, to September 14, 1988, and that Travelers should pay from that date forward. In essence, the court determined that Moss suffered a new injury in December 1987 which ceased on September 14, 1988, at which time the February 16, 1986, injury resumed. The Board had confined its findings to the circumstances of December 1987, identifying a new injury, and had not discovered a change of condition as of the date of hearing, September 14.

No issue as to a change in condition on September 14 was presented to the ALJ or to the full Board. Further, the evidence presented at the hearing on that date does not demand a finding that such a change in condition occurred.

The fact that Moss stated that she would be willing to perform an "A Agent" job would not demand a finding that she was not economically disabled. *F. & G. Ins. Underwriters v. Raines*, 147 Ga. App. 675 (250 SE2d 58) (1978). Whether an employee's inability to continue working has been caused by a new accident is a question of fact for the ALJ and the Board. *Northbrook &c. Ins. Co. v. Babyak*, 186 Ga. App. 339, 341 (367 SE2d 567) (1988). Findings of fact by the Board, when supported by any evidence, are conclusive and binding upon the court. *Banks v. Royal Globe Ins. Co.*, 160 Ga. App. 18 (286 SE2d 309) (1981). The superior court is not authorized to substitute its judgment. *Department of Public Safety v. Boatright*, 188 Ga. App. 612, 614 (373 SE2d 770) (1988). Moreover, neither the superior court nor this court has any authority to substitute itself as the factfinding body in lieu of the Board. *Spalding County Comm. v. Tarver*, 167 Ga. App. 661, 662 (1) (307 SE2d 58) (1983). As held in *General Accident Fire &c. Corp. v. Titus*, 104 Ga. App. 85 (121 SE2d 196) (1961): "no

court is empowered to substitute its findings of fact for those enunciated by the board."

The evidence does not show, as a matter of law, that Moss had recovered from her former injury. Compare *Pierce v. AAA Cabinet Co.*, 173 Ga. App. 463, 464 (326 SE2d 575) (1985) (where the Board determined that the employee had recovered and this court affirmed a change in condition finding), and *McDonald v. Townsend*, 175 Ga. App. 811 (334 SE2d 723) (1985). It was error to make a de novo finding that Moss had recovered from her new injury of December 1987 by the date of the hearing in September 1988. *Pacific Employers Ins. Co. v. West*, 213 Ga. 296, 299 (2) (99 SE2d 89) (1957); *Bituminous Cas. Co. v. Dyer*, 62 Ga. App. 279, 282 (4, 5) (7 SE2d 415) (1940). As to what constitutes a new injury see *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1b) (248 SE2d 678) (1978).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 25, 1990 —

*Irwin, Bladen, Baker & Russell, B. A. Bladen*, for appellants.
*Hazleton & Sullivan, William L. Hazleton, Sligh, Presmanes & Jackson, Gregory T. Presmanes, James G. Jackson*, for appellees.