## A91A0336. EVCO PLASTICS et al. v. BURTON.
### (407 SE2d 60)

BEASLEY, Judge.

Burton was employed by Evco Plastics as a machine operator. On June 8, 1989, she slipped and fell at work, injuring her knee. She was seen the following day by an emergency room physician, who instructed her to return to work, doing light duty for four days. She was then referred to Dr. Hoag, who treated her on June 12. He refused to give her a disability slip, and she requested a change of physician. She was then treated by Dr. Allen, who first saw her on June 23; he released her to go back to work without restriction on June 30.

She returned to work about July 1 and was given lighter work but complained that knee pain precluded her from performing it. After working one day, she failed to report to work or to communicate with company personnel. In accordance with company policy, her employment was terminated. The total disability benefits which she had been receiving since June 21 were suspended on July 13, when Evco filed a WC-2 form.

The next physician treating Burton was Dr. Atwell. By letter of September 28, he stated that Burton "may return to work to all duties, however, she should limit her squatting, climbing, and stooping activities, as these are known to aggravate her [medical condition]. . . . We think that her symptoms will improve given time and that she will return to full duties, including those which we have limited at this time in the near future." Burton contacted Evco on September 28 but was refused employment because of her prior termination.

Back on August 16, Burton requested an evidentiary hearing to determine whether she had experienced a change of condition so as to authorize a resumption of temporary total disability benefits and continued medical treatment. At the hearing, Burton testified that the condition of her knee had interfered with her getting other work in other places. When asked what other kind of work she could do, she responded that she had done waitressing work but could not do that kind of work with her knee condition, because "I wouldn't be fast enough on my feet, and I couldn't stay up on them all day long like that, up and down."

The administrative law judge found that when Burton returned to work after her knee injury, she was given "very light duty. . . . However, she performed this job for only one evening shift before ceasing work again, it being her contention that she was unable to perform it as a result of the knee injury. After careful review of the record and the written reports of the various physicians, I find that this work was suitable to Ms. Burton's condition and that she was, in fact, physically capable to perform it."

He also found that subsequent to Burton's firing, "No employment of any kind has been made available to her by Evco Plastics despite the fact that she subsequently requested the employer to allow her to return to work. . . . [A]lthough Ms. Burton is capable of performing certain light duty work, including the job provided for her on June 30th, she has remained continuously physically restricted as a result of the injury. Accordingly, I find that she has demonstrated that she experienced a change of condition as of her termination. In reaching this determination I note that the legal entitlement to reinstitution of benefits is not negated even if it is assumed that Evco had, as it contends, reasonable grounds for terminating the employee."

The board affirmed the ALJ's award, as did the superior court. On the granted application for discretionary appeal, we reverse.

Where an employee seeks a resumption of workers' compensation disability benefits based on a change of condition, the question is " 'whether the employee's injury sustained during the course of the employment caused him to be disabled to any extent, in other words, whether it caused a loss of earning capacity.' [Cit.]" *Georgia Power Co. v. Brown*, 169 Ga. App. 45, 48 (2) (311 SE2d 236) (1983). Accordingly, as in that case, the dispositive issue was "whether appellee suffered a loss of earning capacity as the result of an injury sustained while in appellant's employment." Ibid.

When an employee who has received a disabling injury returns to work and is discharged for a cause unrelated to the injury, he is not entitled to compensation as a matter of law; nor is he denied compensation as a matter of law. *Georgia Power Co.*, supra at 48. In seeking a resumption of benefits, the burden is on the employee to show that, "after his termination for cause, 'his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury.' [Cit.]" Id. at 49.

In *Hartford Acc. & Indem. Co. v. Bristol*, 242 Ga. 287, 288 (248 SE2d 661) (1978) and *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326, 327 (316 SE2d 535) (1984), the evidence showed that the employees had made sincere albeit unsuccessful efforts to secure "suitable employment" elsewhere following their termination. Thus, they were entitled to a resumption of disability benefits.

The evidence in this case shows that the employer offered the employee suitable employment which she was physically capable of performing, but she was terminated because she failed to appear at work or explain her absence. The evidence fails to show any effort on her part to obtain other suitable employment. She failed to carry her burden of proving a change of condition authorizing a resumption of disability benefits. See generally *Brown v. Gulf Ins. Co.*, 141 Ga. App. 819 (1) (234 SE2d 552) (1977); compare also *Poulnot v. Dundee Mills*

Corp., 173 Ga. App. 799 (328 SE2d 228) (1985).
*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 24, 1991 — ▮▮▮▮▮▮▮▮▮▮

*McLain & Merritt, Jeffrey E. Hickcox,* for appellants.
*Mundy & Gammage, John M. Strain,* for appellee.