A94A1366. GILBERT/ROBINSON, INC. v. MEYERS.

(448 SE2d 246)

BEASLEY, Presiding Judge.

Employer Gilbert/Robinson, Inc. d/b/a Chequers, Ltd. and its insurer, Lumbermens Mutual Casualty Company were granted discretionary appeal from an order of the superior court reversing an award of the State Board of Workers' Compensation which award failed to continue benefits to former employee/claimant Meyers, and remanding the case for a further factual finding. In controversy is that portion of the ALJ award as adopted by the Board dealing with any benefits due Meyers governed by the holdings in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991) and *Evco Plastics v. Burton*, 200 Ga. App. 121 (407 SE2d 60) (1991).

The ALJ held a hearing to determine all issues regarding an injury allegedly sustained by Meyers on March 3, 1989, or in the alternative a change in condition entitling Meyers to resumption of temporary partial disability benefits for an injury sustained by him on January 14, 1991. The 1989 claim was found to be time-barred and is not at issue. The ALJ determined the following with regard to the 1991 injury.

On January 14, 1991, Meyers was performing his job duties as head chef at Chequers, Ltd. when he slipped and landed on his back and left wrist. Because of the injury, surgery was performed on Meyers' left wrist on February 28. On June 17, surgery was performed on Meyers' right upper extremity and right wrist. After injuring his left wrist on March 3, 1989, Meyers, who was ordinarily left-hand dominant, had to switch to dominant use of his right hand because of the pain in his left hand. Chef's work is hand-intensive and involves the lifting of significant weight. The switch aggravated an old injury to

the right wrist, which thus also was compensable.

On February 4, 1991, Meyers was removed as head chef at Chequers and the company did not make any other serious job offer to him. Meyers went to work for a reduced income as a food salesman for another company on November 4, 1991 but was terminated on February 4, 1992 for "lack of production." As of the date of the hearing on January 13, 1993, there was no medical evidence of record that Meyers had been pronounced able to return to his normal work as a head chef.

The ALJ further determined that after Meyers was terminated as a food salesman he had been drawing unemployment benefits and "he has not sought other employment." The ALJ concluded that the facts of Meyers' case placed him squarely within the holdings of *Aden's* and *Evco* and that Meyers was entitled to temporary partial disability benefits under OCGA § 34-9-262 only for the period of his employment as a food salesman at a reduced income, i.e., from November 4, 1991 to February 4, 1992.

On appeal of the award, as adopted by the Board, the superior court reversed the decision as to the duration of temporary partial disability benefits and remanded for a factual finding as to whether Meyers' termination from his job as a food salesman was related to his compensable disability. The court concluded that certain findings of fact pointed to Meyers' continual loss of earnings due to the disability caused by his compensable injury, that the fact that Meyers was drawing unemployment compensation did not necessarily mean that he was not seeking suitable work, and thus, that the findings of fact did not lead to the conclusion that Meyers' temporary partial benefits should have ceased when his last job ceased.

It was error to reverse the award and remand the case for a further factual finding.

Although *Aden's* and *Evco* involved the question of the resumption of total disability benefits under OCGA § 34-9-261, the controlling principle is equally applicable in this case, in which temporary partial disability benefits under OCGA § 34-9-262 are at issue. "When an employee who has received a disabling injury returns to work and is discharged for a cause unrelated to the injury, he is not entitled to compensation as a matter of law; nor is he denied compensation as a matter of law. [Cit.] In seeking a resumption of benefits, the burden is on the employee to show that, 'after his termination for cause, "his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury." (Cit.)' [Cit.]" *Evco*, supra at 122. See also *Aden's* at 220.

There was no necessity to remand the case for a further finding as to the cause of Meyers' termination from the subsequent employer. There was the undisputed finding that Meyers lost the employment

because he did not produce enough as a salesman. Whether or not the lack of production was due in part or in whole to any compensable disability during this period of employment is not determinative of his right to resumption of benefits following the termination. As in *Evco*, where the employee claimed her failure to report for work, which led to her termination, stemmed from her inability to perform her work due to her compensable injury, the focus here is the question of a compensable disability after the termination of subsequent employment which inhibits other work. The ALJ specifically found that Meyers did not attempt to get other employment. The finding that Meyers was drawing unemployment benefits does not preclude the finding regarding his efforts, in the absence of any other evidence about the collection of unemployment benefits.

Meyers failed to meet his burden of proving a change in condition entitling him to a resumption of benefits.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED AUGUST 26, 1994 — ■■■■■■■

*Swift, Currie, McGhee & Hiers, Robert R. Potter, Leigh L. Jones,* for appellant.
*Ronald L. Hilley,* for appellee.
*Murphy, Murphy & Garner, Stephen E. Garner,* amicus curiae.