A94A2075. RICHARDSON v. DENNIS, CORRY, PORTER & THORNTON et al.
(454 SE2d 643)

MCMURRAY, Presiding Judge.

Appellant Richardson was employed as an investigator by the law firm of Dennis, Corry, Porter & Thornton. On April 26, 1991, and in the course of this employment she was injured when she slipped and fell down several steps. Arthroscopic surgery was performed on appellant's right knee and she returned to work on June 24, 1991, but was physically restricted in several respects. She never returned to the field as an investigator.

The surgeon who operated on appellant noted several abnormalities of the joint and anticipated that appellant would have difficulty with this joint in the future. A biopsy taken during the surgery revealed indications of rheumatoid arthritis and appellant was referred to another physician who confirmed the presence of this disease. Appellant continued to be treated for swelling of her left elbow and right knee. Her last day of work was October 8, 1991.

At a hearing to determine change of condition, evidence was presented that appellant's fall has exacerbated an underlying rheumatoid arthritis and that this condition is deteriorating and completely disabling to appellant when these episodes occur. The administrative law judge (ALJ) found that these episodes occurred with a frequency which prevents appellant from working any job and were the basis for her voluntarily quitting her job with the law firm. Based on these findings the ALJ concluded that appellant had carried her burden in

establishing a change in her economic condition for the worse.

The award of the ALJ was affirmed, except as altered by an amendment not relevant on this appeal, by the appellate division. Upon appeal to the superior court, the award of the board was reversed based on the appellant's failure to have applied for any work after she quit her employment with the law firm and upon the decisions in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) and *Evco Plastics v. Burton*, 200 Ga. App. 121 (407 SE2d 60). We granted appellant's application for discretionary appeal in order to consider the possibility that the superior court has misapplied our earlier decisions. *Held:*

"Where an employee seeks a resumption of workers' compensation disability benefits based on a change of condition, the question is whether the employee's injury sustained during the course of the employment caused him to be disabled to any extent, in other words, whether it caused a loss of earning capacity. . . . When an employee who has received a disabling injury returns to work and is discharged for a cause unrelated to the injury, he is not entitled to compensation as a matter of law; nor is he denied compensation as a matter of law. In seeking a resumption of benefits, the burden is on the employee to show that, after his termination for cause, his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury." (Citations and punctuation omitted.) *Evco Plastics v. Burton*, 200 Ga. App. 121, 122, supra. The rule developed in *Evco Plastics v. Burton* and in *Aden's Minit Market v. Landon*, 202 Ga. App. 219, supra, is that the proper method to satisfy the employee's burden is by evidence that the employee has diligently sought suitable employment but was not hired due to their disability.

Nonetheless, both of these widely noted cases involved employees who were partially disabled, but were physically able to work. We find no authority in this line of cases requiring an employee, such as in the case sub judice, who is totally disabled and physically unable to perform any work to engage in a purposeless demonstration of their disability by seeking work which they are unable to perform. This distinction is subtly referenced in the cited cases via references to where the employee resumes employment but then leaves it for a *cause unrelated* to the employment-related injury. The crucial factual distinction is that in the case sub judice the appellant returned to work but left due to a cause that is directly related to her employment injury, her total physical disability caused by the exacerbation of her rheumatoid arthritis. Where an employee, such as appellant, returns to work but subsequently becomes totally disabled due to circumstances related to the earlier work injury, proof of these circumstances satisfies employee's burden to show a change of condition and authorizes an award of compensation. *Intl. Ins. Co. v. Whitfield*, 135 Ga. App.

216, 217 (1) (217 SE2d 192). The superior court having applied an inappropriate rule of law, its judgment must be vacated.

On appeal to the superior court, appellees presented additional arguments that the factual conclusions of the board, including those as to the causal link between appellant's employment-related injury and total disability, were not authorized under the any evidence rule. Under the view of the case taken by the superior court and disapproved in this opinion those issues were not reached by the superior court. Therefore, the case must be remanded to the superior court to consider those issues in the first instance.

*Judgment vacated and case remanded with direction. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 3, 1995.

*C. Lawrence Jewett, Jr.,* for appellant.
*Neely & Player, Michael F. Antonowich,* for appellees.
*George, Bartles & Wallach, Alex B. Wallach,* amicus curiae.