## A96A2453. WAFFLE HOUSE, INC. v. PADGETT.

(483 SE2d 131)

SMITH, Judge.

We granted the employer's application for discretionary appeal in this workers' compensation case to address the issue of whether a claimant who is terminated from employment while receiving tempo-

rary partial disability payments must show a diligent, unsuccessful search for other employment in order to claim total disability. We hold that such a claimant must show all the elements of a change in condition claim outlined in *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606) (1995), including a diligent search for work.

Scarlett O'Hara Padgett suffered a work-related injury in February 1993. She received temporary total disability payments until she returned to light-duty work in November 1993. She was terminated in September 1994 but continued to draw temporary partial disability. Thereafter, Padgett filed a claim seeking temporary total disability benefits, alleging a change in condition for the worse due to her inability to find other employment. She did not and does not contend that her disability is physical in nature.

In his findings of fact and conclusions of law, the administrative law judge (ALJ) found that Padgett was terminated as a result of her disability and that this fact in itself authorized the award of total disability benefits without consideration of whether she had conducted a diligent search for employment. The ALJ, however, made the additional finding of fact that Padgett "did not meet her burden of proving an inability to find employment as a result of her injury." The appellate division accepted the award of the ALJ. The employer appealed to the superior court, which affirmed the decision on a different basis. The superior court held that Padgett was required as a matter of law to show a diligent search for work, but it also concluded that she had made that showing. Because the superior court was not authorized to reach this conclusion, we reverse.

"In order to receive workers' compensation benefits based on a change in condition, a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination. Once evidence is offered in support of the foregoing, the board may in its discretion draw reasonable inferences from that evidence that despite the claimant's good faith efforts, his or her inability to obtain suitable employment was proximately caused by the continuing disability." *Maloney*, supra, 265 Ga. at 828.

The superior court correctly held that the cause of Padgett's termination is not dispositive of her claim of change in condition. In reviewing a claim of economic rather than physical change in condition, the finder of fact must consider whether the claim is supported by a diligent effort to find other work. "[T]he focus here is the question of a compensable disability after the termination of subsequent employment which inhibits other work. The ALJ specifically found

that [Padgett] did not attempt to get other employment." *Gilbert/ Robinson, Inc. v. Meyers*, 214 Ga. App. 510, 512 (448 SE2d 246) (1994).

Padgett's contention that she need not show a diligent search for work, based on *Richardson v. Dennis, Corry &c.*, 216 Ga. App. 476, 477 (454 SE2d 643) (1995), is without merit. In that case, it was undisputed that Richardson suffered from a total disability due to his injury and was unable to work at all. While acknowledging that a totally disabled worker who is physically unable to perform *any* work need not "engage in a purposeless demonstration," this Court clearly distinguished Richardson's situation from that of "employees who were partially disabled, but were physically able to work." Id. at 477. In this case, it is undisputed, and the ALJ found, that Padgett had been released to light-duty work, was working prior to her termination, and was able to work. Padgett's claim was based not on total physical disability but on her alleged inability to find other employment; she therefore must satisfy the requirements of *Maloney*, including a diligent search for other employment.

The superior court erred, however, in contravening the findings of the ALJ and the appellate division that Padgett failed to conduct a diligent job search. "When reviewing the decisions of the Board and ALJ, the superior court sits as an appellate body and is bound by the any evidence standard of review. It may not set aside an award merely because it disagrees with the conclusions of the Board and may not substitute its judgment as to weight and credibility of the witnesses. The Board is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award." (Citations and punctuation omitted.) *L.C.P. Chemicals v. Strickland*, 221 Ga. App. 742, 743 (472 SE2d 471) (1996) (superior court could not contravene ALJ's finding that claimant failed to conduct a diligent search for work). While the superior court rejected the opinion testimony of a job specialist as improperly based on hearsay,[1] other evidence supported the ALJ's finding under the applicable standard of review. Testimony was given that Padgett did not contact certain employers she claimed to have contacted, that she submitted altered employment applications to the court, and that Padgett told a prospective employer that "she had a case against Waffle House and she wanted to prove that she was unable to find a job." When supported by any evidence, the findings of the State Board of Workers'

---

[1] We question whether the testimony of this witness, who qualified as an expert, was in fact inadmissible. *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 592-593 (4) (452 SE2d 159) (1994). Compare *McEver v. Worrell Enterprises*, 223 Ga. App. 627, 629-631 (2) (478 SE2d 445) (1996) (expert's testimony as to motives and state of mind of employers inadmissible as based entirely on hearsay). But it is not necessary to reach that issue.

Compensation are conclusive and binding. *South Ga. Timber Co. v. Petty*, 218 Ga. App. 497, 498 (462 SE2d 176) (1995). The ALJ and the appellate division found that Padgett failed to conduct a diligent search for other employment, and neither the superior court nor this Court is authorized to reverse this finding.

Despite the existence of a temporary partial disability at the time of her termination, Padgett was required to show all the elements of an economic change in condition claim as outlined in *Maloney*, including a diligent, unsuccessful search for work. In light of the Board's finding that she did not meet her burden of proof as to this issue, we must conclude that Padgett failed to meet the *Maloney* test and that the trial court therefore erred in awarding total disability benefits.

*Judgment reversed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 21, 1997 —
RECONSIDERATION DENIED MARCH 5, 1997 —

Goldner, Sommers, Scrudder & Bass, Alfred A. Quillian, Jr., Tiffany T. Norman, for appellant.

Perkins & Perkins, Clifford C. Perkins, Jr., for appellee.