A91A1772. ADEN'S MINIT MARKET et al. v. LANDON.
(413 SE2d 738)

BIRDSONG, Presiding Judge.

Aden's Minit Market and Selective Insurance Company of the Southeast, the employer and insurer (collectively "Aden's"), appeal from the superior court's judgment affirming the State Board of Workers' Compensation in favor of Irene K. Landon. The record shows Landon sustained a compensable injury while working for Aden's in August 1988, and was paid temporary total disability benefits until March 1990, when those benefits were stopped and partial disability payments started because it was discovered that Landon had returned to full-time employment in January 1990. The record also shows that Landon's physician did not clear her to return to work, and Landon did not give Aden's notice of her return to work. Shortly thereafter, however, Landon's new employer terminated her employment because it learned she was working for them full-time while at the same time receiving total temporary disability payments.

Landon then sought total disability payments, and an administrative law judge ordered those payments to be resumed notwithstanding a finding that the termination from Landon's most recent employment was the result of her misconduct. Aden's appealed this decision to the State Board of Workers' Compensation and the superior court, and was unsuccessful as both of those authorities found that even though Landon was terminated for her own misconduct, she was thereafter unable to find suitable work because of her disability.

We granted Aden's application for a discretionary appeal under OCGA § 5-6-35 (a) to consider whether the State Board and the superior court properly applied the controlling precedent. *Held*:

The controlling principle in appeals such as this is that disabled employees are entitled to resumption of benefits, even if terminated from subsequent employment because of their own misconduct, if their disabilities prevent them from finding further employment. *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326 (316 SE2d 535); *Georgia Power Co. v. Brown*, 169 Ga. App. 45, 48 (311 SE2d 236). The burden is on the employees, however, to prove that their inability to find full-time employment was proximately caused by their disabilities. *Brown v. Ga. Power Co.*, 181 Ga. App. 500 (352 SE2d 818).

In this appeal the record shows that Landon did not meet her burden. Although she is apparently capable of performing full-time work regardless of her physician's determination that she is unable to work, there is little question that she remains disabled to some degree because of her prior compensable injury. Also, Landon's testimony established that she sought employment with several possible employers and was rejected. This proof, however, is not sufficient to meet her burden as the record is silent on the reasons why she was not hired by any of these other employers. Then, the facts revealed in this record are different from those in *Gilmer* since Gilmer proved that his disability kept him from holding other jobs.

Additionally, this record shows that at least one of these potential employers, her most recent employer, refused to hire Landon, not because of her disability, but because she worked full-time while receiving total disability payments. We cannot presume that Landon was not hired because of her disability. Indeed, her former supervisor testified that he would hire her, but his supervisors would not permit it. An employee is not entitled to resumption of total disability payments merely because she was terminated from subsequent employment. *Evco Plastics v. Burton*, 200 Ga. App. 121 (407 SE2d 60) (1991). *Georgia Power Co. v. Brown*, supra. '

Consequently, since there is no evidence in the record showing that Landon could not find other employment because of her disability, the superior court erred by affirming the State Board of Workers' Compensation. Therefore, the judgment of the superior court is re-

versed with direction that the appeal be returned for determination of the appropriate award of partial disability benefits in accordance with this opinion.

*Judgment reversed with direction. Cooper, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

While I concur fully with the majority opinion, I write separately to make it clear that this court's decisions in *King v. Piedmont-Warner Dev.*, 177 Ga. App. 176 (338 SE2d 758) (1985) and *Evco Plastics v. Burton*, 200 Ga. App. 121 (407 SE2d 60) (1991) do not support the claimant's position that the claimant does not have the burden of showing that her inability to secure employment elsewhere was *proximately caused* by her previous on-the-job injury. In *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978), the Georgia Supreme Court established the standard of proof a workers' compensation claimant would have to meet before proving a change of condition authorizing a resumption of disability benefits. The standard established by the Georgia Supreme Court is the claimant must "show that his inability to secure suitable employment elsewhere was *proximately caused* by his previous accidental injury." Id. at 288.[1]

The subsequent decisions of this court have not modified or deviated from that standard. See, e.g., *United States &c. Ins. Co. v. Giles*, 177 Ga. App. 684 (340 SE2d 284) (1986); *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326 (316 SE2d 535) (1984); *Georgia Power Co. v. Brown*, 169 Ga. App. 45 (311 SE2d 236) (1983). Our decisions in *King* and *Burton* cannot be read to relieve plaintiff of any part of that burden either.

In *King*, the claimant "testified that he had applied to various employers, but his inquiries never reached the stage of discussing his disability because no work was available." *King*, supra at 177. This court held that the claimant was still able to meet his burden of proof including the causation requirement because the claimant was able to show through both medical evidence and his testimony that if work was available for which he was qualified, *because of his disability*, he

---

[1] In the next paragraph, however, the Georgia Supreme Court applied a less stringent standard of proof in that case. The court stated that "[i]n the present case the record contains some probative evidence that the claimant made a sincere effort to secure suitable employment elsewhere." Id. at 288. For that reason, the Georgia Supreme Court affirmed the judgment of this court in that case. The court reached no conclusion regarding whether the claimant had met his burden of showing proximate causation between his previous accidental injury and his inability to secure suitable employment elsewhere. This inconsistency within that opinion may explain the apparent confusion among certain members of the claimant's bar regarding what burden of proof a claimant must meet to prove a change of condition authorizing a resumption of disability benefits.

would be unable to obtain employment. In fact, his former employer, who had laid King off for economic reasons, testified that " 'if a physician was to tell Andy that he could not lift heavy loads, and carry them — in other words, if he could not assist other people on the job to do that, if the only thing he could do was to nail nails . . . ,' he would not hire him." Id.

In *Evco Plastics v. Burton*, supra, it was not necessary for this court to reach the question of whether the claimant in that case had shown proximate causation between her inability to secure other employment and his previous on-the-job injury, because the claimant failed to present any evidence that she had sought other employment. Id. at 122. In sum, these decisions do not change the claimant's burden of proof in these cases.

The claimant further suggests that this burden of proof is virtually impossible to meet absent subpoenaing every potential employer approached by the claimant to require their testimony. For guidance on how this burden can be met without such drastic measures, claimant should consider the guidance provided by this court in decisions such as *King*, supra; *Giles*, supra, and *Brown v. Ga. Power Co.*, 181 Ga. App. 500 (352 SE2d 818) (1987).

DECIDED NOVEMBER 4, 1991 —
RECONSIDERATION DENIED DECEMBER 9, 1991 — ■■■■■■■■■

*Goodman, McGuffey, Aust & Lindsey, Edward H. Lindsey, Jr., Leslie Stewart*, for appellants.

*Hackel & Hackel, Thomas M. Hackel*, for appellee.