## A93A1908. AUTOLITE et al. v. GLAZE.
### (440 SE2d 497)

ANDREWS, Judge.

We granted the application of Autolite and its insurer for discretionary appeal from the order of the superior court reversing an award in favor of Autolite by the State Board of Workers' Compensation (the Board).

The Administrative Law Judge (ALJ) determined that after Glaze sustained a compensable injury, she returned to light duty work for Autolite within medical restrictions, and received temporary partial disability benefits. Thereafter, Glaze was laid off from work when Autolite closed its plant. Glaze sought similar light duty employment from other employers, but received no employment offers. The ALJ further determined that there was no evidence as to why Glaze was not offered employment. It was stipulated by the parties that she continued to receive temporary partial disability benefits, and the sole issue was whether, because of an economic change in condition, she was entitled to total disability benefits. Relying on *Poulnot v. Dundee Mills Corp.*, 173 Ga. App. 799 (328 SE2d 228) (1985), the ALJ concluded that because the employer was unable due to the plant closing to continue to provide light duty work, Glaze had incurred an economic change in condition, and that she did not have the burden of proving that her inability to obtain suitable employment elsewhere was caused by her previous compensable injury. Accordingly, the ALJ awarded Glaze total disability benefits.

On de novo review, the Appellate Division of the Board also concluded there was no evidence as to why Glaze was not offered other employment after being laid off, and that because of the plant closing, Autolite was unable to offer Glaze suitable employment. Although the Board found there was some evidence Glaze had sought other suitable employment, it refused to presume that her compensable injury was the cause of her inability to obtain suitable employment. Contrary to the ALJ, the Board concluded that Glaze had the burden of proof on this issue, and failed to carry her burden to prove that her inability to secure suitable employment was caused by the previous compensable injury. Citing *Aden's Minit Market v. Landon*, 202 Ga. App. 219, 220 (413 SE2d 738) (1991), the Board reversed the ALJ, and found Glaze did not prove an economic change in condition.

Thereafter, the superior court reversed the Board and restored the award of the ALJ on grounds that: (1) the Board incorrectly placed the burden of proof on Glaze to prove a change in condition, and (2) that the Board erred in finding there was no evidence that Glaze's injury proximately caused her inability to secure other suitable employment.

In this case, as in *Hartford Accident &c. Co. v. Bristol*, 242 Ga.

287 (248 SE2d 661) (1978), after the employee suffered a compensable injury and returned to suitable light duty work provided by the employer, the employee "was laid off after [her] employer no longer had any work for any of [its] employees, including the claimant." Id. at 288. In other words, the employer was unable to provide suitable work for causes unrelated to the compensable injury. The evidence is undisputed that Autolite closed its plant, and for that reason was unable to provide Glaze with employment. Under these circumstances, an employee seeking benefits based on an economic change in condition has the burden to show that her inability to obtain suitable employment elsewhere was proximately caused by the previous compensable injury. Id. at 288.

Although Glaze testified that she sought work from several other employers, her testimony as to these efforts indicates, without elaboration, that the employers did not offer her any employment. As we have previously held, this evidence "is not sufficient to meet her burden as the record is silent on the reasons why she was not hired by any of these other employers." *Landon*, supra at 220. Other testimony from Glaze that she was unable to obtain employment because of her condition was not sufficient to sustain her burden. Compare *King v. Piedmont-Warner Dev.*, 177 Ga. App. 176, 177 (338 SE2d 758) (1985).

The superior court erred in reversing the determination of the Board.

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 25, 1994 —
RECONSIDERATION DENIED FEBRUARY 1, 1994 — ▬▬▬▬

*Irwin, Bladen, Baker & Russell, Ed G. Russell, Jr.*, for appellants.

*Heard, Leverett & Phelps, Cynthia G. Weaver*, for appellee.

