S94G1825. MALONEY v. GORDON COUNTY FARMS et al.
(462 SE2d 606)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Gordon County Farm v. Maloney,* 214 Ga. App. 253 (447 SE2d 623) (1994), to determine the appropriate burden of proof for a claimant in a change in condition proceeding brought under OCGA § 34-9-104 of the Workers' Compensation Act.

Connie Maloney sustained a compensable injury to her shoulder while working for appellee Gordon County Farms. After returning to light duty work, she was terminated for a cause unrelated to her disability. Following unsuccessful attempts to obtain suitable employment elsewhere, she filed a change in condition claim, requesting reinstatement of temporary total disability benefits based on the assertion that her unsuccessful efforts to find employment resulted in an economic change in condition for the worse.

When questioned at the change in condition hearing concerning her efforts to obtain other employment, Maloney testified that she completed an application at Burger King and thereafter received a telephone call from the assistant manager offering her a job as a biscuit cutter. She then advised the prospective employer that she was receiving workers' compensation benefits due to a previous injury, and that she was incapable of performing strenuous duties. The offer of employment was withdrawn. She further testified that she sought employment and completed applications with five other employers, where she was required to disclose her physical limitations. She received no job offers.[1]

---

[1] The record contains medical evidence that at the time of the hearing she continued to suffer a disability occasioned by her shoulder injury and was restricted to light duty work.

The administrative law judge reinstated benefits. The award was unanimously adopted by the full Board of Workers' Compensation; and, on appeal to the superior court, was affirmed by operation of law. The Court of Appeals granted discretionary review and reversed, rejecting Maloney's explanation for failure to obtain employment at Burger King as inadmissible hearsay and concluding that she otherwise failed to establish that her inability to find employment elsewhere was proximately caused by her disability. Because we conclude that Maloney satisfied her burden of proving a change in condition for the worse entitling her to the resumption of disability income benefits, we reverse.

When a claimant has previously received income disability benefits for a compensable job-related injury, a proceeding to modify the prior final decision of the Workers' Compensation Board may be instituted under OCGA § 34-9-104 (b), "because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision. . . ." A "change in condition" is defined in OCGA § 34-9-104 (a), as:

> a change in the wage-earning capacity, physical condition, or status of an employee . . ., which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise.

If a resumption of disability income benefits is sought, as in the present case, the burden of proving a change in condition is on the claimant.[2] *Atlanta Hilton &c. v. Gaither*, 210 Ga. App. 343 (436 SE2d 71) (1993). The facts justifying modification must be established by a preponderance of the evidence. *Daniel v. Employers &c. Ins. Co.*, 114 Ga. App. 545 (151 SE2d 922) (1966).

We last considered the elements of the burden of proof for a claimant in a change of condition proceeding in *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978). *Bristol* was decided under former OCGA § 34-9-104 (a) (Ga. Code § 114-709, Ga. L. 1968, p. 3, § 5), which defined a "change in condition" as

> " 'solely an economic change in condition occasioned by the employee's . . . inability to work or continue to work for the

---

[2] The burden of proof is on the party seeking the change. Thus, when a modification of a final award is sought based on a change in condition for the better, the burden is on the employer or insurer. *Commercial Union Ins. Co. v. Weeks*, 155 Ga. App. 20 (270 SE2d 259) (1980).

same or any other employer, which inability is proximately caused by the accidental injury.' "

Id. at 8. We tracked that language in *Bristol*, holding that a claimant is required "to show that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury." Id. at 288. Thus, the dispositive issue has been whether an employee sustained a loss of earning capacity as a result of a compensable work-related injury. While there is no longer a statutory "proximate cause" requirement, that element of proof is nevertheless consistent with the present language of OCGA § 34-9-104 (a), since a change in condition can occur only when the claimant has previously received benefits for a compensable job-related injury. See generally *Northbrook Property &c. Co. v. Babyak*, 186 Ga. App. 339 (367 SE2d 567) (1988).

Consistent with our holding in *Bristol*, the Court of Appeals in *Ga. Power Co. v. Brown*, 169 Ga. App. 45 (311 SE2d 236) (1983), clarified the claimant's burden in seeking recommencement of benefits after termination for cause.

> [A]n employee who has returned to work and who no longer receives compensation benefits is not entitled to a resumption of those benefits after termination for cause unless he has subsequently suffered an economic change in condition. The requisite economic change in condition exists when the employee is able to demonstrate that, as a proximate result of his previous work related injury, he is unable to secure suitable employment elsewhere.

Id. at 49. A claimant could, therefore, satisfy the proximate cause element by showing that she labored under a continuing disability and that she made a diligent but unsuccessful search for subsequent suitable employment.

Subsequently, in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), the Court of Appeals imposed the *additional* requirement that a claimant must show "the reasons why she was not hired by [prospective] employers." Id. at 220. By requiring the claimant to establish that a particular employer refused employment specifically because of the continuing disability,[3] *Aden's* creates

---

[3] The dissenters in the Court of Appeals recognized that the heightened burden imposed by *Aden's* may be in conflict with the Americans with Disabilities Act of 1990, 42 USC § 12101 et seq. *Gordon County Farm v. Maloney*, supra at 258 (Beasley, J., dissenting). The ADA prohibits preemployment inquiry of an applicant's disability until the employer makes a conditional offer of employment. 42 USC § 12112 (d). That issue, however, is not presently before the Court.

an often impossible burden in proving a change in condition. It requires evidence as to the motive and state of mind of the employer.[4] See also *Autolite v. Glaze*, 211 Ga. App. 780 (440 SE2d 497) (1994) (adopting the *Aden's* analysis and evidentiary requirements). This additional requirement departs from *Bristol*, and contravenes the principle that the Workers' Compensation Act be interpreted liberally "to effect the humane purposes for which it was enacted." *Lumbermen's Mut. Cas. Co. v. Griggs*, 190 Ga. 277, 287 (9 SE2d 84) (1940). See also OCGA § 34-9-23 (Ga. L. 1994, p. 887, § 4, effective July 1, 1994) (the Act shall be liberally construed to provide protection for both employers and employees).

We now reiterate our holding in *Bristol*. In order to receive workers' compensation benefits based on a change in condition, a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination. Once evidence is offered in support of the foregoing, the board may in its discretion draw reasonable inferences from that evidence that despite the claimant's good faith efforts, his or her inability to obtain suitable employment was proximately caused by the continuing disability. To the extent that *Aden's*, supra, *Autolite*, supra, and any subsequent cases, impose an additional burden on the claimant to prove the reasons why he or she was not hired by a prospective employer, they are overruled.

In *Gordon County Farm v. Maloney*, supra, the Court of Appeals acknowledged that Maloney sought employment with several possible employers, thus recognizing that she made a diligent effort to find suitable employment. It then applied the *Aden's* requirement that she establish the reasons why she was not hired by any of these employers, and further disallowed testimony from the claimant as to her opinion of why she was not hired. The court then erroneously concluded that there was no competent evidence in the record to support the findings of the ALJ and the board that Maloney had satisfied the proximate cause element of her burden of proof.

The ALJ's award of the resumption of disability benefits was based on its findings that Maloney applied for jobs with numerous employers and would have been hired but for the physical limitations

---

[4] Subsequent to Maloney's 1992 hearing, the legislature amended OCGA § 34-9-102 (e) (3) (Ga. L. 1994, p. 887, § 7), effective July 1, 1994, to allow for affidavit testimony from a prospective employer without the need for personal attendance, insofar as it "documents that the employee has applied for a position or positions suitable to the employee's limitations or restrictions resulting from the work related injury and was not hired." See also Rules & Regulations of the State Board of Workers' Compensation, Rule 61 (b) (29).

resulting from her previous injury. The proffered evidence and reasonable inferences drawn therefrom support these findings. Maloney has proved by a preponderance of the evidence that she suffered an economic change in condition and is entitled to the resumption of disability income benefits. The award should have been affirmed. See OCGA § 34-9-105 (c) (3) and (4).

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED OCTOBER 16, 1995 —
RECONSIDERATION DENIED NOVEMBER 6, 1995.

*Mundy & Gammage, Miles L. Gammage, Kelly B. Gammage,* for appellant.

*Shivers, Johnson & Wilson, Edwin G. Russell, Jr.,* for appellees.

*Gary M. Kazin, George, Bartles & Wallach, Alex B. Wallach,* amici curiae.