A95A1942. BUCKNER v. BIBB YARNS, INC.
A95A1943. ROUSE v. BIBB YARNS, INC.
A95A2003. BUCKNER v. BIBB YARNS, INC.
(467 SE2d 183)

BEASLEY, Chief Judge.

We consolidated these appeals after granting applications for discretionary appeal by Buckner and Rouse, workers' compensation claimants. The appeals are from orders reversing the awards of total disability benefits to claimants based on a change in condition. The question in each case is whether the claimant carried his or her burden of proof.

Buckner became a light-duty employee of Bibb Yarns, Inc., after suffering a compensable injury to her hands while working at the Monroe County plant. While on light-duty status at the Bibb County plant, Buckner suffered another compensable injury to her knee. Rouse became a light-duty employee after suffering a compensable injury to his knee while working at the Bibb County plant.

Both Buckner and Rouse were working at the Bibb County plant when Aladdin Industries purchased all of the assets of Bibb Yarns and discontinued them and other light-duty employees at the Bibb County plant. They sought a recommencement of total disability benefits based on a change in condition. Rouse alternatively requested partial disability benefits.

In both proceedings, the ALJ concluded that the claimants had not carried their burden of proof, but the Appellate Division concluded otherwise. Bibb Yarns appealed to the Bibb and Monroe superior courts in Buckner's case and to the Bibb superior court in

Rouse's case. Both courts reversed the State Board in all three appeals.

In the proceeding instituted by Buckner, the ALJ found that Buckner had not shown whether Aladdin failed to hire all or merely some of the light-duty employees at the Bibb County plant. The ALJ also found that Buckner had sought employment with a number of different prospective employers, had told all of them of her physical limitations, and had not been offered a job. As to Rouse, the ALJ found that Aladdin had eliminated all light-duty jobs at the Bibb County plant, that Rouse had gone to the employment office to look for job leads, had looked for other work and informed prospective employers of his physical limitations, but that none of the prospective employers had given him an application. In both instances, the ALJ concluded that the employee failed to carry the burden of proof to show that jobs were available or that applications were not given or jobs were not offered due to her or his physical condition.

In both employees' cases, the ALJ relied upon *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), and *Autolite v. Glaze*, 211 Ga. App. 780 (440 SE2d 497) (1994). In *Landon*, as in *Ga. Power Co. v. Brown*, 169 Ga. App. 45, 47 (2) (311 SE2d 236) (1983), a light-duty employee sought a recommencement of benefits based on a change in condition after being terminated for cause. In *Autolite*, as in *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978), a light-duty employee sought a recommencement of benefits based on a change in condition after being laid off because her employer closed the plant at which she worked. Both *Bristol* and *Brown* held that in order for the claimants to have carried their burden of showing a change in economic condition or loss of earning capacity as a result of their compensable injuries, the burden was on them to show that their inability to secure suitable employment elsewhere was proximately caused by their previous accidental injuries. This Court held that in order for the employees in *Autolite* as well as *Landon* to have met this burden, it was necessary for them to show the reasons they were not hired by prospective employers.

In reversing the awards of the ALJ in Buckner's and Rouse's cases, the Appellate Division found that both employees were terminated by Aladdin because of their compensable injuries. It distinguished *Landon* and *Autolite* based on this fact. Citing *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326 (316 SE2d 535) (1984), the Appellate Division concluded that both Buckner and Rouse had carried their burden of proving they were unable to maintain suitable employment due to their work-related injuries, and that they were not required to prove that their inability to obtain suitable employment elsewhere was also caused by their compensable injuries.

The superior courts reversed the awards, ruling that the employ-

ees had not shown that their injuries were the reason Aladdin did not hire them and that, additionally, they had not shown that other prospective employers had not hired them due to their physical limitations.

To the extent that cases such as *Landon* and *Autolite* required an employee to show the reasons he or she was not hired by prospective employers, they were overruled in *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995), which involved a light-duty employee who had been terminated for cause. In order to receive workers' compensation benefits based on a change in condition, *Maloney* holds that "a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination." Id. at 828.

It is uncontested that both Buckner and Rouse continue to suffer physical limitations attributable to their compensable work-related injuries. As we interpret the awards of the ALJ, she found that both Buckner and Rouse made diligent but unsuccessful efforts to secure suitable employment elsewhere, but she concluded that they had not carried their burden of showing a loss of earning power as a result of their injuries so as to be entitled to total disability benefits, based upon *Landon*'s and *Autolite*'s requirement that the employee show why he or she was not hired by prospective employers. The Appellate Division found these decisions distinguishable, but opined that *Landon* should be limited to its facts and *Autolite* overruled. In *Maloney*, the Supreme Court did overrule these decisions insofar as they imposed the requirement that the employee show the reason he or she was not hired by prospective employers. Therefore, the question of whether *Landon* and *Autolite* are distinguishable from the present cases is moot and, under *Maloney*, the awards of the Appellate Division in these three appeals should be affirmed.

*Judgments reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 4, 1996 —
RECONSIDERATION DENIED JANUARY 18, 1996.

*Steven E. Marcus,* for appellants.
*Wall & Elliott, Elton L. Wall, Anderson, Walker & Reichert, Brown W. Dennis, Jr.,* for appellee.
*George, Bartles & Wallach, Alex B. Wallach, Gardner, Willis,*

*Sweat & Goldsmith, Robert D. Goldsmith,* amici curiae.