A95A2670. HARRELL v. CITY OF ALBANY POLICE DEPARTMENT et al.
(466 SE2d 682)

BEASLEY, Chief Judge.

We granted Harrell's application for discretionary appeal in this proceeding instituted by him for a recommencement of disability income benefits based on a change in condition.

On December 1, 1985, Harrell suffered a compensable injury to his left foot during the course of his employment as a city police officer. He was paid temporary total disability benefits, which were suspended effective August 29, 1989, because he returned to work as a State corrections officer earning an average weekly wage equal to or greater than his average weekly wage as a police officer. On May 16, 1992, Harrell stopped working.

In the hearing before the ALJ, Harrell testified on direct examination as follows. He left his job as a corrections officer because he was found sleeping on the job. He has subsequently worked for the City of Albany as a part-time security guard but no more than two or three times, and for no more than two or three hours each time. He has been seeking full-time employment.

On cross-examination, the following was elicited. Harrell has not applied for permanent jobs outside of law enforcement or counseling,

although he is qualified to work and has worked in other areas. He gave untruthful deposition testimony when asked whether he had been charged with any crimes and whether he had indicated his physical limitations on all of his employment applications. Following an automobile accident, he falsely stated that he had not had any work-related accidents. He worked for the City of Albany as a security guard far more than he testified to on direct examination. After he was terminated for sleeping on duty, he appealed to the State Personnel Board and, because of procedural flaws surrounding his termination, he was allowed to resign on the condition he not seek re-employment with the State for a period of one year. Some of the jobs he applied for during that period were with the State.

The ALJ found that after leaving his job as a corrections officer, Harrell made a sincere but unsuccessful effort to find other employment suitable to his impaired condition. Citing *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978), the ALJ concluded that Harrell carried his burden of showing that his inability to secure suitable employment was proximately caused by his previous accidental injury.

Upon a de novo consideration of the evidence, the appellate division concluded that Harrell failed to carry his burden of proving a change in condition. The appellate division found that Harrell's testimony was inconsistent and that his assertions concerning his inability to find work were unsupported by credible evidence. Citing *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), the appellate division concluded that Harrell had not met his burden of demonstrating that he made a sincere effort to find work and that he was not hired for reasons related to his job injury.

On appeal to the superior court, a timely order was not entered pursuant to OCGA § 34-9-105 (b), and the decision of the appellate division was affirmed by operation of law. Despite the failure to complete this first stage of review, we must exercise jurisdiction. See *Atlanta Family Restaurants v. Perry*, 209 Ga. App. 581, 582 (434 SE2d 140) (1993) (Beasley, P. J., concurring specially).

1. Under the 1994 amendment to OCGA § 34-9-103 (a), "[t]he findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records." In *Clinical Arts Home Care Svcs. v. Smith*, 218 Ga. App. 681 (462 SE2d 757), we held that the appellate division no longer conducts a de novo review of the evidence upon which the ALJ's findings of fact are based.

In this case, the appellate division substituted its findings for those of the ALJ to the extent it determined that the ALJ's findings were unsupported by credible evidence. Consequently, we conclude

that although the appellate division stated it was engaging in a de novo consideration of the evidence, it in fact employed the proper standard of review.

2. In *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995), the Supreme Court overruled such cases as *Landon*, supra, with respect to their requirement that an employee show the reasons he or she was not hired by prospective employers. In order to receive workers' compensation benefits based on a change in condition, *Maloney* holds that "a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination." Id. at 828. The rule of *Bristol*, which was confirmed by *Maloney*, requires the claimant to show that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury.

In this case, the appellate division concluded that Harrell did not carry the burden of proof mandated by such cases as *Landon*. Under *Maloney*, this was error. However, given the record, the appellate division was authorized to, and did, substitute its finding for that of the ALJ on the question of whether Harrell had made a diligent effort to secure suitable employment following his termination. The appellate division would thus be authorized to deny Harrell's claim for disability benefits on the ground that he did not make a diligent effort to secure suitable employment following his termination and that his inability to obtain suitable employment was not proximately caused by the continuing disability.

We reverse the decision of the appellate division and remand the case to the superior court with direction that the case be recommitted to the appellate division for reconsideration in light of *Maloney*.

*Judgment reversed and case remanded with directions. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 9, 1996.

B. T. Edmonds, Jr., for appellant.
Gardner, Willis, Sweat & Goldsmith, Robert D. Goldsmith, Todd S. Handelman, for appellees.