A96A0718. LUKOWSKI v. CAPITOLINE PRODUCTS, INC. et al.
(473 SE2d 236)

RUFFIN, Judge.

This case involves an action for recommencement of disability income benefits based upon a change in condition. Lukowski appeals from the superior court order affirming the Appellate Division's award, which reversed the Administrative Law Judge's ("ALJ") award of benefits from November 16, 1994, forward. Lukowski's sole enumeration of error is that the superior court erred as a matter of law in applying the burden of proof as set forth in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), insofar as that case was expressly overruled in *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995). For reasons which follow, we affirm.

The facts in this case, as found by the ALJ, are as follows. On January 13, 1994, while working for Capitoline Products, Lukowski sustained a severe, compensable, injury to his left hand, resulting in the amputation of a finger and two other surgeries. While the injury left Lukowski with a significant permanent disability, he was able to return to work in May 1994. "At that time, he resumed the same type of work he had done prior to the accident, but he was greatly hampered by the condition of his hand and had to adjust his methods." On October 18, 1994, Lukowski was terminated because he refused to take a drug test, believing he would fail it, and he has been unemployed since that date.

The ALJ concluded, as a matter of law, that Lukowski was "not obligated to prove that he is completely unable to perform work of any kind, but only to carry the '*Aden's* burden' of proof." In the ALJ's opinion, Lukowski met this burden "in that his testimony, the credible testimony of vocational rehabilitation supplier Barbara Tate, and the documentary evidence, establish that he conducted a sincere search for alternative suitable employment after leaving Capitoline and in that Ms. Tate's expert opinion establishes that he probably

would have been able to secure another job but for the injury." However, since there was no evidence Lukowski began his search prior to November 16, 1994, the ALJ denied benefits before that date.

The Appellate Division accepted the ALJ's findings, but concluded that these findings, coupled with additional findings, demanded a conclusion that Lukowski failed to meet his burden to show his job-related impairment has in any way hindered him from finding employment. Additional facts cited by the Appellate Division include the following. When Lukowski returned to full-duty work in May 1994, "[h]e did not require any assistance in the performance of his job duties, which included building pallets with the use of many different types of saws and a nail gun, and cutting laminate to fit ontop [sic] of counter tops." The vocational expert testified there were not many job openings because it was the holiday season. In addition, she was not clear on Lukowski's restrictions but believed they included no lifting over 50 pounds and problems with fine motor functions, and she took into consideration Lukowski's nonwork-related problems with his right hand. The vocational expert further testified she was unable to determine whether Lukowski could perform the same job he was performing at Capitoline without first completing a full analysis of the job. Lukowski's treating physician noted that Lukowski could perform the manipulation of small objects and that Lukowski was using his left hand well.

Based on these additional findings, the Appellate Division concluded that while Lukowski has some impairment in his left hand, he failed to show the impairment has in any way hindered him from finding employment. The Appellate Division specifically concluded that the vocational expert's opinion concerning Lukowski's inability to find employment was based in part on injuries not related to his work-related accident and, therefore, was insufficient evidence to prove Lukowski was disabled due to his work-related injury.

On appeal, the superior court noted Lukowski "has the burden as outlined in *Aden's Minit Market* . . . to prove that his inability to find full-time employment is proximately caused by his disability." Following the "any evidence" standard, the superior court affirmed the Appellate Division's award, noting that no prospective employers told Lukowski why he was not hired and that there was a lack of evidence showing that prospective employers failed to hire Lukowski because of his injury.

1. In his sole enumeration of error, Lukowski asserts the superior court erred as a matter of law by applying the burden of proof set forth in *Aden's Minit Market*. We disagree. Although *Maloney* overruled *Aden's Minit Market* to the extent that it imposed an additional burden on the employee to prove the reasons why he was not hired by a prospective employer, *Maloney* still held that in order to receive

workers' compensation benefits based on a change in condition, "a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination." *Maloney*, supra at 828. *Maloney* confirmed the rule in *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978), requiring the claimant to show that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury. *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810 (2) (466 SE2d 682) (1996).

In the present case, it is clear from the ALJ's award, as well as the Appellate Division's award and the superior court's order, that the proper burden of proof was employed, notwithstanding the references to *Aden's Minit Market*. Under *Maloney*, Lukowski still bears the burden to show that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury. On appeal from an award of the State Board of Workers' Compensation, this Court examines the record to see if there is competent evidence in the record to support the award and construes the evidence in a light most favorable to the prevailing party. *Harris v. Seaboard Farms of Elberton*, 207 Ga. App. 147, 149 (427 SE2d 524) (1993). In addition, "[a] correct decision of a trial court will not be reversed, regardless of the reasons given therefor." (Citations and punctuation omitted.) *Watts v. Wayne County Bd. of Ed.*, 201 Ga. App. 777, 779 (412 SE2d 541) (1991). Based on the foregoing, we find there is sufficient evidence to support the Board's award and affirm the superior court's order.

2. While Lukowski argues in his brief that the Appellate Division incorrectly conducted a de novo review and substituted its opinion regarding the weight and credibility of the witnesses for the ALJ's, this allegation was not enumerated as error. Enumerations of error cannot be enlarged by means of statements in briefs of counsel to include issues not raised in the enumerations. *In the Interest of B. N. P.*, 214 Ga. App. 412, 413 (448 SE2d 73) (1994). Therefore, this issue is not properly before this Court for review.

*Judgment affirmed. Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. Beasley, C. J., and Pope, P. J., concur specially. McMurray, P. J., and Blackburn, J., dissent.*

POPE, Presiding Judge, concurring specially.

I fully concur in Division 1 of the majority opinion, but write separately to point out that the Appellate Division did not engage in a de novo review as the dissent suggests. The Appellate Division's opinion

explicitly states that it accepts the ALJ's findings that "are supported by a preponderance of competent and credible evidence," see OCGA § 34-9-103 (a), and goes on to explain that the vocational expert's testimony was not competent and credible because she considered physical problems of claimant which were not related to his work injury as well as those which were.

I am authorized to state that Chief Judge Beasley joins in this special concurrence.

McMurray, Presiding Judge, dissenting.

I respectfully dissent as the Appellate Division of the State Board of Workers' Compensation ("Appellate Division"), the superior court and now a majority of this Court, assigns Lukowski with a burden of proof that was assigned in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738), but later rejected by the Supreme Court in *Maloney v. Gordon County Farms*, 265 Ga. 825, 827-829 (462 SE2d 606). But even more glaring, in my view, is the superior court's error in affirming the Appellate Division's award based on application of the "any evidence" test. The problem with applying this standard is that the Appellate Division did not have authority to second guess the administrative law judge via de novo review, but was bound to accept "[t]he findings of fact made by the [ALJ] in the trial division . . . where such findings are supported by a preponderance of competent and credible evidence contained within the records." OCGA § 34-9-103 (a). See *Richardson v. Air Products & Chemicals*, 217 Ga. App. 663, 664-665 (458 SE2d 694). I, therefore, believe the superior court should have remanded the case sub judice to the Appellate Division for review of the ALJ's award based on the standard of review prescribed in OCGA § 34-9-103 (a). This disposition would then place the Appellate Division in appropriate posture for determining whether there is competent and credible evidence to support the ALJ's finding that Lukowski satisfied his burden of showing that he is entitled to workers' compensation benefits based on a change of condition. See *Maloney v. Gordon County Farms*, 265 Ga. 825, 827-829, supra.

The majority, however, sidesteps the controlling issues in the case sub judice by saying that Lukowski's enumeration of error is too narrow to reach Lukowski's argument "that the Appellate Division incorrectly conducted a de novo review and substituted its opinion regarding the weight and credibility of the witnesses for the ALJ's. . . ." I cannot go along with this tact because, in my view, Lukowski's enumeration covers the superior court's error in employing the "any evidence" standard in reviewing the Appellate Division's award. To say otherwise ignores that the superior court found that it was bound by the "any evidence" test in determining whether Lukow-

ski satisfied the burden of proof assigned under *Aden's Minit Market v. Landon*, 202 Ga. App. 219, supra, overruled in *Maloney v. Gordon County Farms*, 265 Ga. 825, 827-829, supra.

BLACKBURN, Judge, dissenting.

I respectfully dissent from the opinion of the majority, as I believe that the expert's testimony was sufficient to meet the requirements of *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995). Furthermore, as the Appellate Division accepted the findings of the ALJ as being supported by a preponderance of the competent and credible evidence, its further review went beyond the new standard authorized by OCGA § 34-9-103 (a). See *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137 (473 SE2d 166) (1996).

The Appellate Division is authorized to review the evidence to determine if the ALJ's findings are supported by the preponderance, or superior weight of the competent, or admissible evidence. See id. In the present case, the ALJ concluded that the expert's testimony established that Lukowski would be able to secure another job but for the injury. The expert's conclusion was not prefaced with any reference to Lukowski's problems with his right hand, but noted his "limitations to his *hand*" and that Lukowski was basically a manual worker. Although the expert testified that she was aware of Lukowski's problems with his right hand, she did not give this as a basis for her opinion.

The Appellate Division's "additional findings" went beyond the scope of its authorized review as the record contains no evidence that challenges the expert's testimony or that supports a determination that Lukowski could find suitable employment.

DECIDED JUNE 28, 1996 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Mundy & Gammage, Kelly B. Gammage*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, Colleen P. O'Neill*, for appellees.