A96A1807. TEXTILE COATING, LTD. et al. v. RAMIREZ.
(477 SE2d 388)

BLACKBURN, Judge.

Upon our grant of their application for discretionary appeal, Textile Coating, Ltd. and Liberty Mutual Insurance Company appeal the superior court's order affirming the award of the appellate division of the State Board of Workers' Compensation (Board). In the underlying workers' compensation case, the Board affirmed the Administrative Law Judge's denial of Ramirez' change-in-condition claim. On appeal, the superior court reversed the Board's decision because the ALJ had relied upon *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), which was overruled by *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995) after the

ALJ's decision was issued and affirmed by the Board. The superior court specifically directed that the case be remanded to the ALJ for consideration in view of *Maloney*. Upon remand to the Board, however, the Board concluded that sufficient evidence existed to determine whether Ramirez had met his burden in showing a change in condition under the standards set forth in *Maloney*. Without remand to the ALJ, the Board reinstated temporary total weekly income benefits to Ramirez. Its ruling was affirmed by the superior court, which specifically approved the Board's action in ruling without remanding the matter to the ALJ and explained that its initial order had been based on its assumption of how the Board would handle the case on remand.

The issue presented is whether the Board was *required* to remand the case to the ALJ for additional factfinding. Textile Coating and Liberty Mutual claim the Board's failure to do so deprived them of due process by preventing the employer from introducing additional evidence in light of *Maloney*. We find no error.

The question facing the ALJ in this case was whether Ramirez had been unable to find employment because of his injury. *Aden's*, supra at 219; *Maloney*, supra at 827. When Ramirez originally presented his case to the ALJ, *Aden's* required him to prove he had made a diligent but unsuccessful search for suitable employment *and prove the reasons prospective employers had refused to hire him. Maloney* eliminated this latter requirement. *Maloney*, supra at 827-828. In its place, the Supreme Court gave the Board the power to infer from the employee's lack of success that employers refused to hire him because of an injury. Id. at 828.

Under the present circumstances, the Board was not required to remand Ramirez' case to the ALJ for an evidentiary hearing upon its determination that the claimant had met the reduced *Maloney* standard based upon the existing record. The Board must accept the ALJ's findings of fact that are supported by credible evidence. OCGA § 34-9-103 (a). The ALJ had found that Ramirez had "sought employment at several possible employers and was rejected." Reviewing the ALJ's factual findings in light of *Maloney*, the Board specified that Ramirez had applied for several positions "in the textile and carpet industries in which he was previously employed." The Board concluded that Ramirez' job search had been diligent and inferred, as allowed by *Maloney*, that the prospective employers rejected him because of his injury.

The Board's actions were within its statutory powers. OCGA § 34-9-103 (a); *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810, 811-812 (2) (466 SE2d 682) (1996). Because the only question presented was one of applying known facts to a different legal standard, the Board was entitled to make that determination. See *Har-*

*rell,* supra at 812 (2), in which we remanded a similar case to the Board for reconsideration in light of *Maloney* and *Buckner v. Bibb Yarns,* 219 Ga. App. 850 (467 SE2d 183) (1996), in which this Court approved the Board's action in applying the lesser legal standard to the ALJ's factual findings. See also *Distribution Concepts Co. v. Hunt,* 221 Ga. App. 449, 450 (2) (471 SE2d 539) (1996), noting the Board's discretion in determining whether to remand a case to the ALJ for additional factual determinations. Unlike *Sadeghi v. Suad, Inc.,* 219 Ga. App. 92, 93 (464 SE2d 234) (1995), the Board in this case possessed all the factual findings it needed to make the ultimate legal determination under *Maloney,* and remand to the ALJ for an evidentiary hearing was not required. The superior court did not err by approving the Board's actions.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson, Smith, Ruffin and Eldridge, JJ., concur. Beasley, C. J., and Andrews, J., dissent.*

BEASLEY, Chief Judge, dissenting.

The question is whether, on remand from the superior court in this case, the appellate division is finding facts or applying the law to facts found by the ALJ.

In order for claimants to carry their burden of showing a change in condition as a result of compensable injuries, they must show that their inability to secure suitable employment elsewhere was proximately caused by their previous accidental injuries. In *Aden's Minit Market v. Landon,* 202 Ga. App. 219 (413 SE2d 738) (1991), this Court held that in order to meet this burden, it was necessary for claimants to show the reasons they were not hired by prospective employers. This holding was overruled in *Maloney v. Gordon County Farms,* 265 Ga. 825 (462 SE2d 606) (1995), wherein the Supreme Court held that in order to receive workers' compensation benefits based on a change in condition, a claimant must establish that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination.

In this case, the ALJ found that the employee has ongoing symptoms causally related to his on-the-job injury, and that he sought employment at several possible employers and was rejected, but that this proof is not sufficient to meet his burden as the record is silent on the reasons why he was not hired by any of these other employers. The appellate division affirmed. The superior court reversed under *Maloney.* On remand, the appellate division accepted the ALJ's findings and went on to state that a preponderance of the evidence shows that the employee has attempted a diligent, unsuccessful search and

has met the standard for determining change-in-condition set out in *Maloney*.

The majority concludes that the appellate division was entitled to make that determination because the only question presented was one of applying known facts to a different legal standard. But the ALJ did not expressly find that the employee made a diligent job search. Thus the appellate division is improperly finding facts de novo.

The ALJ is the true factfinder without de novo factfinding by the appellate division of the Board, and the appellate division must accept the ALJ's finding when "supported by a preponderance of competent and credible evidence contained within the record" (OCGA § 34-9-103). The appellate division cannot make findings of fact in the first instance when a different test is created by the Supreme Court and the case is remanded. The question is not whether there is enough evidence in the record for the appellate division to find that the claimant met his burden of proof under *Maloney*, but rather whether the factfinder, the ALJ, would so find. The inferences which may be drawn are to be drawn by the factfinder. When the Supreme Court said in *Maloney* that the "Board may draw reasonable inferences," it had to have meant the ALJ, who constitutes a part of "the trial division" of the Board. OCGA § 34-9-103 (a).

This is not a question of whether the appellate division must strictly comply with the superior court's remand order. It is rather a question of "who decides." Who has the authority to make findings of fact about what claimant proved or did not prove? It is the ALJ. Whether the ALJ allows a reopening of the evidence is another question. The employer and the insurer say they must have opportunity to present more evidence, as a matter of due process, but the ALJ may decide he has enough to find claimant met his burden. Regardless, the issue of fact is to be decided by the ALJ.

The majority cites *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810, 812 (2) (466 SE2d 682) (1996); *Buckner v. Bibb Yarns*, 219 Ga. App. 850 (467 SE2d 183) (1996); and *Distribution Concepts Co. v. Hunt*, 221 Ga. App. 449, 450 (2) (471 SE2d 539) (1996). In *Harrell*, we remanded to the appellate division for reconsideration in light of *Maloney* after holding that the appellate division was authorized to substitute its finding for that of the ALJ on the question of whether the employee made a diligent effort to secure suitable employment. In *Buckner*, the ALJ found that the employees made diligent but unsuccessful efforts to secure suitable employment elsewhere but that they had not carried their burden of proof under *Aden's Minit Market* and *Autolite v. Glaze,* 211 Ga. App. 780 (440 SE2d 497) (1994). The appellate division distinguished these decisions and opined that *Aden's Minit Market* should be limited to its facts and

*Autolite* overruled. After they were overruled in *Maloney*, we affirmed the appellate division. In *Hunt*, the question was whether the appellate division had abused its discretion in refusing to remand the case to the ALJ for the consideration of testimony claimed to be newly discovered evidence.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED OCTOBER 16, 1996.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Maurice Sponcler, Jr.*, for appellants.
*Craig & Elrod, Gene F. Cantrell*, for appellee.