## A05A2333. ROBERTS v. THE JONES COMPANY.
(627 SE2d 139)

MILLER, Judge.

In this case, Debra Roberts accepted a lower-paying job at Huddle House after suffering a compensable injury while employed by The Jones Company d/b/a Flash Foods ("Flash Foods"). Roberts was fired from Flash Foods for reasons unrelated to her compensable injury. The administrative law judge awarded Roberts temporary total disability workers' compensation benefits during the time between the Flash Foods and Huddle House jobs, finding that Roberts was totally disabled during that time period. When she was hired at Huddle House, while still suffering from her medically certified disability, Roberts applied for temporary partial disability benefits, which were denied. After careful consideration on discretionary review, we find that the administrative law judge imposed an inappropriate burden of proof on Roberts. We therefore reverse and remand with direction that the administrative law judge reconsider the case under the appropriate standard.

The record reveals that Roberts sustained a compensable injury to her right wrist while working for appellee Flash Foods. After returning to light duty work, she was terminated for a cause not related to her disability. Despite a diligent job search, Roberts initially was unsuccessful in finding suitable employment elsewhere after her termination. Ultimately, however, she found work as a Huddle House waitress, a job which paid her less than she had earned with Flash Foods. Roberts thereafter filed a workers' compensation claim against Flash Foods seeking temporary total disability benefits for the period in which she was unemployed following her termination and temporary partial disability benefits as a Huddle House employee based on a change of economic condition for the worse.

The administrative law judge granted Roberts temporary total disability benefits as to the time of her limited unemployment, a time period not triggered by her disability, and denied her temporary partial disability benefits after beginning work with Huddle House, finding that she failed to produce evidence that her lower earnings at Huddle House were related to the compensable injury she incurred at Flash Foods. The award was unanimously adopted by the Board of Workers' Compensation; and, on appeal to the superior court, was affirmed by operation of law. Roberts now appeals contending that the administrative law judge erred in denying her claim for temporary partial disability benefits for failure to introduce evidence showing that her acceptance of lower-paying employment was proximately caused by the compensable work-related injury.

In *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995), the Supreme Court of Georgia held:

> In order to receive workers' compensation benefits based on a change in condition, a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination. Once evidence is offered in support of the foregoing, the board may in its discretion draw reasonable inferences from that evidence that despite the claimant's good faith efforts, his or her inability to obtain suitable employment was proximately caused by the continuing disability.

Id. at 828. In doing so, the Supreme Court overruled this Court's decision in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), *Autolite v. Glaze*, 211 Ga. App. 780 (440 SE2d 497)

(1994), and any subsequent case imposing upon the change of condition claimant the additional requirement of showing that he or she was refused employment by a prospective employer because of continuing disability arising out of a work-related injury. *Maloney*, supra, 265 Ga. at 828.

Finding that Roberts had met the burden of proof imposed by *Maloney* below, the administrative law judge correctly awarded Roberts temporary total disability benefits during the period of her unemployment, but denied her temporary partial disability benefits upon her Huddle House employment finding that she had not testified that her "wage loss" at Huddle House was attributable to the compensable injury to her wrist that she sustained at Flash Foods. In effect, the administrative law judge imposed on Roberts the additional burden of proof which *Maloney* rejected.

Where, as here, after a diligent job search the employee accepts lower-paying work for continuing disability incident to a compensable injury the need for temporary partial disability benefits is no less compelling than the case for temporary total disability benefits under *Maloney*.[1] To hold otherwise would be to create a disincentive for motivated workers to seek suitable reemployment after suffering a compensable injury, and would undermine the well-settled principle that the Workers' Compensation Act be interpreted liberally for the protection of both employers and employees. OCGA § 34-9-23; *Lumberman's Mut. Cas. Co. v. Griggs*, 190 Ga. 277, 287 (9 SE2d 84) (1940). This we decline to do. Consequently, we reverse and remand with direction that the administrative law judge reconsider, as appropriate, Roberts' entitlement to temporary partial disability benefits not inconsistent with this opinion.

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 7, 2006.

*Hackel & Hackel, Thomas M. Hackel*, for appellant.
*Chambless, Higdon, Richardson, Katz & Griggs, Dennis L. Duncan, Frances L. Clay*, for appellee.

---

[1] Such an award is subject to revision. "The board . . . or any party may apply . . . for another decision because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision. . . ." OCGA § 34-9-104 (b).