**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 31, 2012**

# In the Court of Appeals of Georgia

A12A0782. BROWN MECHANICAL CONTRACTORS, INC. et al.   BO-036
    v. MAUGHON.

BOGGS, Judge.

In this discretionary appeal, Brown Mechanical Contractors and Liberty Mutual Insurance Company (collectively "the employer") appeal from a superior court order reversing the decision of the appellate division of the State Board of Workers' Compensation ("the Board") and reinstating the decision of the administrative law judge ("ALJ") to award temporary total disability benefits. The employer contends that the superior court erred by applying a de novo standard of review instead of the "any evidence" standard of review. It also asserts that the trial court failed to review and revise an order prepared by Maughon's attorney. We find merit in the employer's standard-of-review argument and therefore reverse.

The issue in this workers' compensation case is whether Maughon is entitled to temporary total disability benefits after he was laid off from his employment with Brown Mechanical on April 1, 2010. Brown Mechanical laid off Maughon for reasons unrelated to his disability. At the time of his lay-off, Maughon was working as a track hoe operator with restrictions against lifting, pushing, pulling or carrying over 40 pounds with his right arm or hand and any over-the-shoulder height work with his right arm or hand. The restrictions resulted from an on-the-job injury that occurred on February 15, 2010. Following his lay-off, Maughon looked for work with "well over 100" employers between April 1, 2010 and October 20, 1010, the date of the hearing on his claim. Maughon provided a job search log documenting his activities during this time period. Maughon testified that he received three job offers that were rescinded after he disclosed his injury and work restrictions.

The ALJ determined that Maughon was entitled to temporary total disability benefits and rejected the employer's argument that Maughon did not make a diligent job search. The employer appealed to the Board, which vacated the ALJ's decision and denied Maughon's claim for benefits.

The Board concluded that Maughon had not engaged in a diligent job search based upon the following facts: "110 searches over 144 'work days' (excluding

2

holidays and weekends) is not sufficient;" "engaging in a 'job search,' on average, less than one time per day is not a diligent job search," Maughon's work log showed a lack of follow-up with 22 potential employers; Maughon failed to search for periods of time lasting 27 and 18 consecutive days; Maughon lost two offered positions due to the need for surgery that had not been scheduled; Maughon's job search concentrated on jobs involving physical labor when his employment history included managerial/sales experience; and Maughon's failure to seek retail jobs supported an inference that he "was attempting to avoid being hired in order to bolster his claim for indemnity benefits." Based upon all of these facts, the Board concluded that the record did not provide "support for 'reasonable inferences' to be drawn that his inability to find work is due to the work injury."

Maughon appealed the Board's ruling to the Monroe County Superior Court, which orally announced its decision to reinstate the ALJ's award of temporary total disability benefits at the conclusion of a hearing. At the trial court's request, Maughon's counsel prepared an order concluding that the Board misapplied the Supreme Court of Georgia's decision in *Maloney v. Gordon Farms*, 265 Ga. 825 (462 SE2d 606) (1995), when it vacated the ALJ's decision. The order prepared by counsel and adopted by the superior court concluded that the proper standard of review was

3

de novo because the Appellate Division erred in applying the law, specifically the Supreme Court's decision in *Maloney*, supra. According to the superior court, the Board established "a heightened burden of proof not required by *Maloney*."

This court granted the employer's application for discretionary review, and we will first determine whether the superior court applied the proper standard of review.

1. In *Maloney*, supra, the Supreme Court addressed a claimant's burden of proof in change-of-condition cases and held:

> In order to receive workers' compensation benefits based on a change in condition, a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination. Once evidence is offered in support of the foregoing, the board may in its discretion draw reasonable inferences from that evidence that despite the claimant's good faith efforts, his or her inability to obtain suitable employment was proximately caused by the continuing disability.

265 Ga. at 828. It also overruled our decisions in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), and *Autolite v. Glaze*, 211 Ga. App. 780 (440 SE2d 497) (1994), to the extent they "impose[d] an additional burden on the claimant

to prove the reasons why he or she was not hired by a prospective employer." 265 Ga. at 828. And, it concluded that in the case before it, Maloney had "proved by a preponderance of the evidence that she suffered an economic change in condition." Id. It therefore reversed this Court's decision to reverse the ALJ's decision to resume benefits that had been adopted by the Board and affirmed by operation of law in superior court. Id. at 829-830. See *Gordon County Farms v. Maloney*, 214 Ga. App. 253, 255 (1) (447 SE2d 623) (1994) (reversing award of benefits because employee failed to submit proof as to reasons why prospective employers failed to hire her), overruled by *Maloney*, supra. In *Diamond Rug & Carpet Mills v. Moses*, 221 Ga. App. 807, 809 (472 SE2d 565) (1996), we held that *Maloney* should also be applied to "all issues" cases the like the one presently before us. Id. at 809 ("all issues" cases are ones in which the claimant did not miss seven days or more of work with the employer due to his injury before being laid off).

Following the Supreme Court's decision in *Maloney*, this court has clarified the standard of review with regard to the issue of whether a claimant has established by a preponderance of the evidence that he has made a diligent, but unsuccessful effort, to secure suitable employment. First,

[o]nce the claimant shows that she has made diligent but unsuccessful efforts to obtain suitable employment, the factfinder may, *in its discretion*, infer from the evidence that the claimant's disability is the proximate cause of her unemployment. However, *Maloney* does not require the factfinder to draw this inference, and it is not an abuse of discretion for it to make an alternative inference. That is, the factfinder could properly infer that the claimant's continuing unemployment was due to a number of reasons other than her disability. Thus, it is not necessarily sufficient for the claimant simply to show that she has unsuccessfully sought employment.

(Emphasis in original.) *McEver v. Worrell Enterprises*, 223 Ga. App. 627, 630 (1) (478 SE2d 445) (1996).

In a workers' compensation case, the ALJ is the first factfinder, but its decision can be appealed to the Board. OCGA § 34-9-103 (a) provides: "The findings of fact made by the administrative law judge in the trial division shall be accepted by [the Board] where such findings are supported by a preponderance of competent and credible evidence contained within the records." But, the Board is "permitted to disregard factual inferences drawn by the ALJ and to substitute its own in place of those inferences." (Citations and footnote omitted.) *Master Craft Flooring v. Dunham*, 308 Ga. App. 430, 434 (708 SE2d 36) (2011). It is also "authorized to assess witness credibility, weigh conflicting evidence, and draw different factual

6

conclusions from those reached by the ALJ who initially heard the dispute."
(Citations, punctuation and footnote omitted.) Id. "[I]f after assessing the evidence
of record, the [Board] concludes that the award does not meet the statutes' evidentiary
standards, the [Board] may substitute its own alternative findings for those of the
ALJ, and enter an award accordingly." *Bankhead Enterprises. v. Beavers*, 267 Ga.
506, 507 (480 SE2d 840) (1997).

> In appeals from a Board decision,

> neither the superior court nor this Court has any authority to substitute
> itself as a factfinding body in lieu of the Board. As a reviewing court,
> our role is not to return to the findings of the ALJ and examine whether
> that decision was supported by a preponderance of the evidence, but is
> instead to review the Board's award for the sole purpose of determining
> whether *its findings* are supported by any record evidence. If we answer
> this question in the affirmative, the Board's findings are conclusive and
> binding, regardless of whether we would have reached the same result
> if given the opportunity to weigh the evidence in the first instance.

 (Citations, punctuation and footnote omitted; emphasis in original.) *Master Craft
Flooring*, supra, 308 Ga. App. at 434.

Based upon this standard of review, we must conclude that the superior court
erred in reversing the Board's decision. Id. Evidence in the record supports the

7

inferences and factual findings made by the Board to support its conclusion that Maughon failed to conduct a diligent job search. Specifically, the record contains evidence showing that Maughon did not look for a job every business day, that he failed to follow up with 22 potential employers, that he failed to look for work for periods of 18 and 11 consecutive business days, and that his job search concentrated on jobs involving physical labor.

And, contrary to Maughon's arguments on appeal, the Board did not misapply *Maloney* by making a factual finding that he failed to conduct a diligent job search. See id. (affirming Board's rejection of employee's testimony that he "looked for work 'every day,' pointing specifically to the fact that [the employee] offered no evidence concerning where or for what jobs he had applied, the suitability of those jobs, or the outcome of those applications"); *L. C. P. Chems. v. Strickland*, 221 Ga. App. 742, 743-744 (472 SE2d 471) (1996) (reversing superior court because it was not authorized to draw inferences different than those drawn by ALJ/Board regarding claimant's diligence in job search).

Our decision in *R. R. Donnelley v. Ogletree*, 312 Ga. App. 475 (718 SE2d 825) (2011), does not require a different result. In *Donnelley*, we affirmed the superior court's reversal of the Board because the Board concluded the claimant had not

8

established a diligent job search based upon factors outside of the claimant's control. 312 Ga. App. at 481 (2). Specifically, it found that the claimant "did not have any interviews and did not personally visit any potential employers." Id. We reversed because the Board imposed a burden on the claimant "with respect to matters that were beyond his control and inconsistent with the instructions that he was given during the hiring process." Id. In this case, however, the Board concluded that Maughon had failed to engage in a diligent job search based upon factors that were within his control. The Board therefore did not reach a decision based upon an erroneous legal theory as it did in *Donnelley*, and the superior court here erred by failing to conduct an "any evidence" standard of review.

Finally, we find no merit in Maughon's argument that because he submitted direct evidence that three employers withdrew job offers after learning about his injury, he met his burden of proof under *Maloney* and was entitled to benefits. According to Maughon, "[t]hese withdrawals unequivocally demonstrate that [his] inability to find employment has been proximately caused by his disability." The logic in Maughon's argument is flawed. The dispositive issue as to whether Maughon is entitled to benefits is *not* whether he lost three particular job offers due to his work injury, but instead whether his "inability to obtain suitable employment was

9

proximately caused by the continuing disability." *Maloney*, supra, 265 Ga. at 828. While the evidence he submitted about the lost job offers is certainly probative on this issue, it is not dispositive. The Board was authorized to conclude that Maughon failed to conduct a diligent job search to obtain more suitable employment not involving physical labor.

2. Our holding in Div. 1 renders the employer's remaining enumeration of error moot.

*Judgment reversed. Doyle, P. J. and Andrews, J., concur.*